UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GUN OWNERS OF AMERICA, INC.,  
GUN OWNERS FOUNDATION, and  
RICHARD HUGHES,

        Plaintiffs,

v.

SHERIFF KEITH PEARSON, in his  
official capacity as Sheriff of St. Lucie  
County, the ST. LUCIE COUNTY  
SHERIFF'S OFFICE, THOMAS  
BAKKEDAHL, in his official capacity  
As the State Attorney for the 19th Judicial  
Circuit of Florida, and the STATE  
ATTORNEY'S OFFICE for the 19th  
Judicial Circuit of Florida,

        Defendants.  
_____/

CASE NO.  2:24-cv-14250-JEM

## **UNOPPOSED MOTION TO SET ASIDE CLERK'S DEFAULT**
(AND MEMORANDUM OF LAW)

Defendants, KEITH PEARSON, in his official capacity as Sheriff of St. Lucie County, Florida, and the ST. LUCIE COUNTY SHERIFF'S OFFICE, by and through their undersigned counsel, file this Unopposed Motion to Set Aside Clerk's Default and in support would state as follows:

1. The Complaint in this matter was filed on August 6, 2024. (DE 1).

2. Plaintiffs served Defendants, KEITH PEARSON, in his official capacity as Sheriff of St. Lucie County, Florida, and the ST. LUCIE COUNTY SHERIFF'S OFFICE (hereinafter "SLSO") with Summons and the Complaint for Declaratory and Injunctive Relief on August 12, 2024. (DEs 7, 8).

3. After service upon these Defendants, J.D. Small, Esquire who is in-house counsel for the St. Lucie County Sheriff conferred with James Phillips, Esquire, counsel for the Plaintiffs and the Parties agreed to an extension of time for these Defendants to respond to the Plaintiffs' Complaint. However, due to excusable neglect, the existence of this agreement was inadvertently never brought to the Court's attention at that time.

4. As a result, on September 6, 2024, upon the Court's own order, the Clerk entered a Clerk's Default against these Defendants as well as Co-Defendants THOMAS BAKKEDAHL, in his official capacity as the State Attorney for the 19th Judicial Circuit of Florida, and the STATE ATTORNEY'S OFFICE for the 19th Judicial Circuit of Florida.

5. On September 9, 2024, the Court entered an Order on Default Final Judgment Procedure giving all of the Defendants until September 23, 2024 to move to set aside the Clerk's Default as well as to substantively respond to the Complaint. (DE 18). Defendants Sheriff Pearson and SLSO intend to file their

substantive response to the Complaint by the Court's deadline of September 23, 2024.

WHEREFORE, Defendants, KEITH PEARSON, in his official capacity as Sheriff of St. Lucie County, Florida, and the ST. LUCIE COUNTY SHERIFF'S OFFICE, respectfully request the Court to re-open the case and set aside the Clerk's Default which was entered against them on September 9, 2024 (DE 14).

FURTHER, and in support of this Motion, the Defendants would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 55(c) states in pertinent part: "SETTING ASIDE A DEFAULT OR A DEFAULT JUDGMENT. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."

Federal Rule of Civil Procedure 60(b) provides:

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

As noted above, Federal Rule of Civil Procedure 55(c) provides that a default may be set aside upon showing of good cause. "Good cause is a mutable standard, varying from situation to situation." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviavion, 88 F.3d 948, 951 (11th Cir. 1996). "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id; See also Allied Pros. Ins. Co. v. Fitzpatrick, No. 12-14372-CIV, 2013 WL 12095525, at *2 (S.D. Fla. Mar. 18, 2013).

The Eleventh Circuit Court of Appeals has stated: "we have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." Sundy v. Friendship Pavilion Acquisition Co., LLC, 807 F. App'x 977, 983 (11th Cir. 2020) citing Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332 (11th Cir. 2014).

In this instance, in-house counsel for the St. Lucie County Sheriff's office had timely conferred with Plaintiff's counsel who agreed to give these Defendants additional time to file a response to the Complaint for Declaratory and Injunctive Relief. However, due to mere oversight, the Court was inadvertently never apprised of this agreement nor was an extension of time obtained from the Court at that time. These Defendants respectfully submit that good cause exists to set aside the Clerk's default that has been entered against them so that this matter may be litigated on its merits.

The motion should be granted.

## RULE 7.1 STATEMENT

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel hereby certifies that she conferred with counsel for the Plaintiffs, James D. Phillips, who advised that Plaintiffs do not oppose this motion and defer to the Court.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF, which will send a notice of electronic filing to: **STEPHEN D. STAMBOULIEH, ESQUIRE,** Co-Counsel for Plaintiffs, P.O. Box 428, Olive Branch, MS 38654  [stephen@sdslaw.us]; **JAMES D. PHILLIPS, JR., ESQUIRE**, Co-Counsel for Plaintiffs, 509 W. Colonial Drive, Orlando, FL 32804 [jphillips@thefirearmfirm.com]; and **ARTHUR IVAN JACOBS, ESQUIRE,** Counsel for Defendants Bakkedahl and SAO, 961687

Gateway Boulevard, Suite 201-I, Fernandina Beach, FL 32034 [buddy@jswflorida.com] this 13th day of September, 2024.

  *s/ Summer M. Barranco*
SUMMER M. BARRANCO, ESQ.
Fla. Bar No. 984663
PURDY, JOLLY, GIUFFREDA,
BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone: (954) 462-3200
E-mail: summer@purdylaw.com;
      isabella@purdylaw.com
Attorneys for *Defendants Sheriff and St. Lucie County Sheriff's Office*
Trial Counsel