UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.  2:24-cv-14250-JEM

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION, and
RICHARD HUGHES,

      Plaintiffs,

v.

SHERIFF KEITH PEARSON, in his
official capacity as Sheriff of St. Lucie
County, the ST. LUCIE COUNTY
SHERIFF'S OFFICE, THOMAS
BAKKEDAHL, in his official capacity
As the State Attorney for the 19th Judicial
Circuit of Florida, and the STATE
ATTORNEY'S OFFICE for the 19th
Judicial Circuit of Florida,

      Defendants.
_____/

**DEFENDANT SHERIFF PEARSON'S MOTION TO DISMISS OR,
IN THE ALERNATIVE MOTION TO STAY**

    The Defendant, SHERIFF KEITH PEARSON, in his official capacity as the Sheriff of St. Lucie County Florida, by and through undersigned counsel, files this his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(7) or, in the alternative Motion to Stay, and in support thereof would state as follows:

    1.    As an initial matter, the Co-Defendant, STATE ATTORNEY'S OFFICE (SAO) for the 19th Judicial Circuit of Florida, has filed a separate Motion to Dismiss or, in the

1

alternative Motion to Stay[1] in response to this Complaint [ECF 24]. The SAO raised arguments in response to Plaintiffs' Complaint and addressed numerous deficiencies which also provide a basis for dismissal of Plaintiffs' identical claim against the Defendant Sheriff. Therefore, the Defendant, SHERIFF PEARSON, joins in and adopts the Motion filed by the Co-Defendant SAO, and asserts that those same arguments provide a basis for dismissal of the Complaint against Sheriff Pearson, or in the alternative provide sufficient grounds to stay the case against the Defendant Sheriff.[2]

2. In addition to the arguments which the Defendant Sheriff joins and adopts, as part of his separate Motion to Dismiss, the Sheriff also seeks dismissal pursuant to Federal Rule Civil Procedure 12(b)(6) based on the arguments made *infra*, which act to both supplement and compliment those made by the Co-Defendant SAO. The Defendant Sheriff also seeks dismissal on separate and independent grounds pursuant to Federal Rule of Civil Procedure 12(b)(7) for Plaintiffs' failure to join the following indispensable parties:

- State of Florida/Attorney General
- Volusia County Sheriff's Office
- Hillsborough County Sheriff's Office

---

[1] Pending the resolution of the following case: NRA v. FDLE, 72 F.4th 1346, 1347 (11th Cir.). Importantly this appeal, which is to be heard *en banc*, will decide the issue of whether the Florida statute prohibiting persons under the age of 21 from buying firearms violates the Second Amendment. This decision will directly impact Jack McDuffie, on whose behalf the Plaintiffs, Gun Owners of America (GOA), have partially brought this Complaint. [ECF 1 at ¶ 16] Mr. McDuffie cannot public carry because of Florida's separate prohibition on allowing any persons under the age of 21 from obtaining a Concealed Carry License. The Court should stay this case and allow for this separate Federal Case to be resolved, which directly impacts issues raised as part of this lawsuit.

[2] The Defendant Sheriff does not take these allegations and the relief sought by the Plaintiffs lightly, and is adopting these applicable arguments so as to not waste judicial efficiency and resources by regurgitating duplicative points already made by the SAO, merely for the sake of it.

- Palm Beach County Sheriff's Office
- Daytona Beach Police Department
- Miami Police Department
- Florida Highway Patrol (FHP)
- Florida Department of Law Enforcement (FDLE)
- Port St. Lucie PD
- Florida Fish and Wildlife Conservation Commission (FWC)

WHEREFORE, it is respectfully requested that this Honorable Court grant Defendant Sheriff's Motion to Dismiss for the same reasons set forth by the SAO in their Motion, as well as the additional grounds as argued in this instant Motion, or in the alternative, to stay this case for the reasons set forth in the SAO's Motion to Stay.

FURTHER, and in support of this Motion, Defendant Sheriff would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW

**I. STANDARD FOR SEEKING DECLARATORY RELIEF**

*a. Plaintiffs' Complaint fails to demonstrate that an actual controversy exists*

As pointed out in the SAO's Motion, Plaintiffs fail to plead the requisite elements for seeking declaratory relief under either state or federal law. [ECF 24 at pgs. 5-6]. That is, they fail to allege "(1) there is a bona fide dispute between the parties; (2) the plaintiffs have a justiciable question as to the existence or nonexistence of some right, status, immunity, power or privilege, or as to some fact upon which existence of such a claim may depend; (3) the plaintiffs are in doubt as to the claim; and (4) there is a bona fide, actual, present need for the declaration." Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999).

Notwithstanding this deficiency, even construing the Complaint's factual allegations as sufficient to draw a reasonable inference, such that those elements are at a minimum pled, Plaintiffs' Complaint still fails to meet the standard necessary to seek declaratory relief.

3

"Consistent with the "cases" and "controversies" requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an "actual controversy." Malowney 193 F.3d 1342, 1347 (citing Emory v. Peeler, 756 F.2d 1547, 1551–52 (11th Cir.1985)). "Based on the facts alleged, there must be a substantial continuing controversy between two adverse parties." Id. "Whether such a controversy exists is determined on a case-by-case basis." Miccosukee Tribe of Indians of FL v. United States, 420 F. Supp. 2d 1324, 1342 (S.D. Fla. 2006). As the 11th Circuit explained in Atlanta Gas Light Co.

> For a controversy to exist, the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The party who invokes a federal court's authority must show, at an "irreducible minimum," that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.

Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995) (internal citations and quotations omitted). This requires that the Plaintiffs allege facts from which the continuation of the dispute may be reasonably inferred. Malowney 193 F.3d at 1342, 1347. "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." Id.

Here, there are no facts alleged that Plaintiff Richard Hughes, or *any* of the individuals on whose behalf this lawsuit is brought by Gun Owners of America (GOA) and Gun Owners Foundation (GOF), either reside in St. Lucie County Florida, or have ever been arrested by the St. Lucie County Sheriff's Office (SLCSO), for the kind of conduct proscribed by F.S. §

790.053. [See generally ECF 1]. Further, any examples of enforcement alleged in Plaintiffs' Complaint, were a result of actions taken by law enforcement agencies in *other* jurisdictions and counties.[3]

Indeed, the only assertion that anyone would be directly impacted by the hypothetical enforcement of this state law by the St. Lucie County Sheriff's Office is in ¶ 14 of the Complaint, wherein it is stated that Mr. Hughes, who lives in Palm Beach County, occasionally visits an Eco-Center in Port St. Lucie, attends the Port St. Lucie Gun show, and often stops for gas on the turnpike at the Port St. Lucie Service Plaza, and that he cannot open carry while engaging in these specific activities. Mr. Hughes expands on this in more detail as part of his declaration which is attached to the Complaint. [ECF 1-7]. In his declaration Hughes explains that he likes to go to St. Lucie County for shopping, events, restaurants, gun shows, etc., where he would like to be able to open carry. Id. at pg. 4 ¶15. However, notably, Plaintiff's declaration fails to provide any detail as to what specific places he is referring to, and where they are located. Presumably any restaurant, store, and most events would themselves be private property or located on private property, and therefore not subject to any public carry statute, making this

---

[3] Mr. Legget lives in Volusia County and was arrested by Daytona Beach PD for a violation of this statute [ECF 1-6 at ¶'s 17-29]; Jack McDuffie lives in Hillsborough County and takes issue with open carry simply because he is under 21, "Because Mr. McDuffie is not able to apply for and receive a Florida Concealed Weapon License, he is *prohibited from both carrying either openly or concealed*, and thus his right to public carry is entirely extinguished under Florida law. Mr. McDuffie explained that, were he allowed to openly carry a firearm, he would do so everywhere he is able to, being otherwise unable to "bear arms" under Florida law." [ECF 1-6 at ¶ 37]; Ms. Notargiacomo lives in Indian River and cannot open carry while doing outdoor activities in that county [ECF 1-6 at ¶ 41]. Mr. Valdes was arrested by Miami-Dade PD while on a motorcycle for violation of this statute. [ECF 1-6 at ¶ 43].

claim irrelevant when weighing whether an actual controversy exists.[4] Plaintiff Hughes also explains that when he goes hiking in Oxbow Park in St. Lucie County[5], he is concerned that the conceal carry law will prohibit him from effectively fending off alligators and other wildlife in the area, and that he would like to open carry when he travels through a service plaza located in St. Lucie County.[6] Id. at pgs. 4-5 ¶'s 16-20.

These remote possibilities that a future injury may happen based on these hypothetical scenarios, most of which would not involve the SLCSO, are not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments. Emory, 756 F.2d at 1552. Simply put, since there are no allegations which include past examples of this statute's enforcement by the St.

---

[4] To the extent any of these locations are located on private property, the owners would have the right to forbade any patrons from open carrying while on their property; The Defendant would also point the Court's attention to the following document attached as Exhibit A, which is a Florida Gun Show FAQ, which reflects that anyone who attends a gun show must keep the gun unloaded and secured with a plastic tie at a security desk, and that no loaded guns are permitted. (Exhibit "A"). Pursuant to Johnson v. City of Atlanta, 107 F.4th 1292, 1304 (11th Cir. 2024) the incorporation-by-reference doctrine allows a court to consider documents outside the complaint so long as the documents are central to the plaintiff's claims. Since the Plaintiff, Hughes, has made his attendance at gun shows central to his claim, the Defendant Sheriff should be entitled to attach and reference this document as part of his Motion to Dismiss.

[5] Oxbow Park is located in Port St. Lucie, Florida, an area policed by the Port St. Lucie Police Department. Additionally, the park's website indicates that it was acquired through Environmentally Significant Lands and Save Our Rivers, which are state programs, and in cooperation with South Florida Water Management District, making the park subject to the jurisdiction of Florida Fish and Wildlife Conservation Commission (FWC). Any potential enforcement of this state statute is likely to be undertaken by these agencies, who Plaintiff Hughes is much more likely to encounter while hiking in this park, than he is the SLCSO.

[6] To the extent Plaintiff Hughes' concern relates to enforcement of this law at a Florida Turnpike Service Plaza, it is worth noting that such enforcement is likely to be carried out not by the SLCSO but by the Florida Highway Patrol, which has a station located at mile marker, SR-91 Florida's Tpke #145, Port St. Lucie, FL 34986.

Lucie County Sheriff's Office, and no allegations that the Plaintiffs reside in St. Lucie County, Plaintiffs fail to establish the actual controversy requirement necessary to seek declaratory relief. While Mr. Hughes alleges that there are certain activities in the county he would like to participate in while open carrying, these concerns of a future injury are based on speculative hypotheticals, some of which do not apply here, as these activities will likely take place in areas that are located on private property. Therefore, these future injuries are too remote and attenuated from actual enforcement of this statute by the SLCSO without more, making them insufficient to establish the actual controversy requirement necessary to seek such relief against the Defendant Sheriff.

By asking the Court to rule on the constitutionality of the hypothetical enforcement of this statute, with no past examples of the enforcement by SLCSO of the statute, Plaintiffs' instant action is nothing more than an improper attempt to seek an advisory opinion. See Trianon Condo. Ass'n, Inc. v. QBE Ins. Corp., 741 F. Supp. 2d 1327, 1331 (S.D. Fla. 2010) ("The present case is no different than a lawsuit which may have been brought by Plaintiff immediately after the parties entered into the contract. If QBE never takes any action to enforce the coinsurance provision, a judicial determination as to the enforceability….is purely advisory"); see also Balarezo Fam. Chiropractic, LLC v. State Farm Mut. Auto. Ins. Co., 2024 WL 1343178, at *14 (S.D. Fla. Feb. 12, 2024) (lawsuit seeking declaratory relief, asking that the court rule on the viability of a hypothetical claim which may never be brought, and an affirmative defense that may never be asserted, was asking the court to issue an advisory opinion). "While the Declaratory Judgment Act confers upon a court the power to declare the rights and other legal remedies of any interested party seeking such declaration, whether or not further relief is or could be sought, 22 U.S.C. § 2201, it does not authorize this Court to issue an advisory opinion

regarding a defendant's alleged violation of a federal statute." Miccosukee Tribe of Indians of FL, 420 F. Supp. 2d 1324, 1343 (internal quotations and citations omitted).

*b. Practical challenges of asking the Court for such relief*

Fla. Stat. § 790.053(1) as written, does not require a comprehensive and technical analysis of time, place, and manner as it applies to the requirement to conceal carry in public. It simply applies to all licensed gun owners, at all times, in all public places. It is important to consider that by bringing this lawsuit, Plaintiffs not only appear to be seeking an improper advisory opinion as discussed above, but they are also seeking relief that would present a litany of practical and logistical challenges related to this desired change in Florida law, which would no doubt have a ripple effect throughout the entire state. For starters, in Heller, the Court explained that "[f]rom Blackstone through the 19th-century cases, commentators and courts routinely explained that the right [to keep and bear arms] was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." D.C. v. Heller, 554 U.S. 570 at 2783, 2816, (2008). (emphasis added); see McDonald v. City of Chi., 561 U.S. 742, 786 (2010) (same). The Court repeatedly reiterated this point in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. at 2150 (2022) (declining to find a Second Amendment right to carry weapons in any manner whatsoever including in a manner likely to terrorize others).

Plaintiffs' Complaint repeatedly states that their grievance is with how this state statute restricts law-abiding citizens' right to "peaceably" carry firearms in public, which they assert is ahistorical and a violation of their second amendment rights. [ECF 1 at pg. 3 ¶'s 4, 6]. Which begs the question, how do you define peaceably in this context? By asking the Court to issue such a far reaching and broad advisory opinion, which, as discussed above, is what this action amounts to, would the Court then also have to include as part of its ruling an explanation of what

it means to peaceably carry in a way that is consistent with <u>Bruen</u> and <u>Heller</u>? Would that include, at a minimum, requiring that the gun remain in a holster while in public? Would this apply to certain handguns and firearms which are less likely to cause fear and apprehension, or might terrorize others? If so, what would those be? After all, people throughout Florida who go in public may have different sensibilities than those of the Plaintiffs. An unfortunate reality of modern American society is the prevalence of mass shootings in very public areas, and how such events have seeped into the average American's consciousness over the last two decades. Due to this reality, it is worth considering that some may find an individual openly carrying a large handgun or firearm in a certain manner and at certain locations, in and of itself to be terrorizing to a degree. As an example, high capacity extended or drum magazines can be purchased for many semi-automatic pistols, which would not be suitable for concealed carry, but could be openly carried, and may very well incite terror and/or fear in average citizens in public more so than other standard issued firearms. Will the Court have to address these concerns as well?

<u>Heller</u> also made it clear that nothing in the opinion should be taken to cast doubt on "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings." <u>Heller</u>, 554 U.S. at 626. As part of the ruling in this action, would the Court have to define what is considered to be a sensitive location (schools, government buildings etc.,), and where open carry should remain prohibited, consistent with <u>Heller</u> and the spirit of this statute? Would this also include areas which are not ordinarily considered "sensitive" but for which heightened security is necessary, such as those located in and around former President Trump's

properties in Florida? [7] Even after the Court identifies such locations, would it then have to determine how far away from those locations one must be before they can open carry? If this relief is granted, would the Court have to also determine how broadly this would apply across the spectrum of Florida citizens who can legally carry firearms and consider other hypothetical scenarios, such as whether anyone who has ever been subjected to a risk protection order (RPO) may also openly carry?

The Defendant highlights these issues and concerns to demonstrate to the Court that such relief, which would again amount to an advisory opinion, would present challenges that are better left to the legislature to resolve, especially since such a ruling would impact not just the SLCSO, but the entire state of Florida. Such relief is improper based solely on the facts alleged in the Complaint, and Plaintiffs' Complaint is therefore properly dismissed.

## II. PLAINTIFFS' FAILURE TO JOIN REQUIRED OR INDISPENSABLE PARTIES UNDER RULE 12(b)(7)

Dismissal of an action pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join a party under Rule 19, is a "two-step inquiry." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1279 (11th Cir. 2003). "First, a court must decide whether an absent party is required in the case under Rule 19(a)." Int'l Imps., Inc. v. Int'l Spirits & Wines, LLC, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011). A party is considered "necessary" to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings. Laker

---

[7] This seems especially appropriate to consider, as this response is being filed a little over a week after a second assassination attempt was made on the former President near his property.

Airways, Inc. v. Brit. Airways, PLC, 182 F.3d 843, 847 (11th Cir. 1999). Furthermore, the court held in Haas v. Jefferson National Bank, 442 F.2d 394 (5th Cir.1971), that a joint tortfeasor will be considered a necessary party when the absent party "emerges as an active participant" in the allegations made in the complaint that are "critical to the disposition of the important issues in the litigation."

*a. The State of Florida and the other counties/law enforcement agencies named in the Complaint are indispensable parties*

Here, there is no question that complete relief cannot be afforded in either the state's absence, or in the absence of the other counties and agencies named in the Complaint, or those agencies and parties whose interests and involvement related to this statute are also implicated. While the Plaintiffs' Complaint asks that the Court declare F.S. § 790.053(1) unconstitutional, it only seeks that such a ruling apply to these Defendants, asking that they be enjoined from enforcing it. First, since the Plaintiffs and individual members of the GOA and GOF do not reside in St. Lucie County, any lawsuit directed only to the SAO and SLCSO would not completely address this issue and grant them the full relief they are seeking. In fact, it is unlikely to resolve their concerns in *any* meaningful way. Throughout the Complaint, the Plaintiffs take issue not with how this law prohibits their desired conduct within St. Lucie County, nor with how the SLCSO is restricting their rights, but instead with how *Florida* is violating their rights, and with how this law impacts their ability to engage in such conduct in *Florida*. [See ECF 1 at ¶ 1, 2, 3, 4, 6, 7, 8, 11, 15, 16, 17, 18, 53, 54, 55, 62, 63, 64, 65, 66, 67, 68, 69, 104] Thus, without these parties' inclusion, the Plaintiffs and members of the GOA and GOF would still be subjected to the same statute in the jurisdictions where they actually live and are likely to engage in such conduct, making complete relief of the kind that this Complaint seeks, virtually impossible.

The Complaint also alleges that the Plaintiffs are concerned with enforcement of this statute in areas where they reside and wish to engage in such conduct, and reference past examples of enforcement by Daytona Beach PD and Miami PD, making these absent parties' active participants who are critical to the disposition of important issues of this litigation, based on the Complaint's allegations. Lastly, these absent parties[8], including the state of Florida, would no doubt have an interest in the disposition of this proceeding, as it would likely impact them just as much if not more than the SLCSO and SAO. At a minimum, since these absent parties would be significantly impacted by the disposition of this proceeding, they are entitled to have their position heard as it relates to these issues and have an opportunity to present the Court with their own arguments and concerns against such relief. Therefore, these absent parties, as referenced above, are indispensable to this instant action.

The second step under Rule 19 is to determine if the indispensable and absent party's joinder is not feasible—*i.e.*, joinder would defeat the court's subject-matter jurisdiction, the absent party is not subject to the court's personal jurisdiction, or the absent party properly objects to the venue of the action— at which point the court must then consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The factors for the court to consider for such a determination include:(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A)

---

[8] Florida Highway Patrol, Florida Department of Law Enforcement, Florida Fish and Wildlife Conservation Commission, Volusia County Sheriff's Office, Hillsborough County Sheriff's Office, Palm Beach County Sheriff's Office, Daytona Beach PD, and Miami PD.

protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1344 (11th Cir. 2011).

The only potential issue as to the feasibility of joining these absent parties is that the Volusia County Sheriff's Office, Hillsborough County Sheriff's Office, and Daytona Beach PD, may have a valid objection as to venue, since any lawsuit brought against them in Federal court is properly brought in the Middle District of Florida. Otherwise, since joinder of the other remaining absent parties is presumably feasible, the Defendant Sheriff may at most request that the Court order these absent parties to join as a necessary party under Rule 19(a)(2) and dismiss this Complaint without prejudice until such time as the Plaintiffs have rectified this deficiency. See Moreiras v. Scottsdale Ins. Co., 2020 WL 2084851, at *3 (S.D. Fla. Apr. 30, 2020). Plaintiffs' Complaint against the SLCSO and SAO should be dismissed without prejudice, until such a time as these indispensable parties are joined to this action.

WHEREFORE, it is respectfully requested that this Honorable Court grant Defendant Sheriff's Motion to Dismiss for the same reasons set forth by the SAO in their Motion, as well as the additional grounds as argued in this instant Motion pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7), or in the alternative, to stay this case for the reasons set forth in the SAO's Motion to Stay.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed with the Clerk of the Court by using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to: **STEPHEN D. STAMBOULIEH, ESQUIRE,** Co-Counsel for Plaintiffs,

13

P.O. Box 428, Olive Branch, MS 38654  [stephen@sdslaw.us]; **JAMES D. PHILLIPS, JR., ESQUIRE**, Co-Counsel for Plaintiffs, 509 W. Colonial Drive, Orlando, FL 32804 [jphillips@thefirearmfirm.com]; and **ARTHUR IVAN JACOBS, ESQUIRE,** Counsel for Defendants Bakkedahl and SAO, 961687 Gateway Boulevard, Suite 201-I, Fernandina Beach, FL 32034 [buddy@jswflorida.com] this 23rd day of September 2024.

   *s/Richard A. Giuffreda*
RICHARD A. GIUFFREDA, ESQUIRE
Fla. Bar No.  705233
SUMMER M. BARRANCO, ESQUIRE
Fla. Bar No. 984663
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:     (954) 462-3200
e-mail: richard@purdylaw.com; jennifer@purdylaw.com
summer@purdylaw.com; isabella@purdylaw.com
Attorney for *Defendants Sheriff and St. Lucie County Sheriff's Office*
Trial Counsel