IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION, and
RICHARD HUGHES,

    Plaintiffs,

v.

SHERIFF KEITH PEARSON, in his official capacity as Sheriff of St. Lucie County, the ST. LUCIE COUNTY SHERIFF'S OFFICE, THOMAS BAKKEDAHL, in his official capacity as the State Attorney for the 19th Judicial Circuit of Florida, and the STATE ATTORNEY'S OFFICE for the 19th Judicial Circuit of Florida,

    Defendants.
_____/

CASE NO.:   2:24-cv-14250-JEM
DIVISION:

**DEFENDANTS THOMAS R. BAKKEDAHL AND THE STATE ATTORNEY'S OFFICE FOR THE 19TH JUDICIAL CIRCUIT OF FLORIDA'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS BAKKEDAHL AND STATE ATTORNEY OFFICE'S MOTION TO DISMISS OR STAY AND INCORPORATED MEMORANDUM OF LAW**

Defendant, THOMAS R. BAKKEDAHL in his official capacity as State attorney for the Nineteenth Judicial Circuit of Florida, and on behalf of the STATE ATTORNEY'S OFFICE for the 19th Judicial Circuit of Florida, by and through the undersigned counsel, pursuant to Federal Rules of Civil Procedure Rule 12(b), hereby files this reply to Plaintiffs' Response In Opposition To Defendants Bakkedahl and State Attorney Office's Motion To Dismiss Or Stay, and incorporated memorandum of law, and in support thereof states:

**I. PLAINTIFFS' "FACTUAL" ALLEGATIONS ARE NEITHER WELL-PLEAD OR FACTUAL, BUT RATHER HINGE ON ASSUMPTIONS THAT ARE CONJECTURAL, HYPOTHETICAL AND/OR CONTINGENT AND INCLUDE CONCLUSORY ALLEGATIONS, UNWARRANTED FACTUAL DEDUCTIONS AND/OR LEGAL CONCLUSIONS.**

Plaintiffs allege that Defendants ignore Plaintiffs' "Well-Pleaded, Factual Allegation" when in reality, Defendants have acknowledged Plaintiffs attempts to pass conjectural, hypothetical and/or contingent assumptions and conclusory allegations, unwarranted factual deductions and/or legal conclusions as "facts." Specifically, Plaintiff Hughes alleges that: 1) he "wishes to openly carry a handgun, in part, as a preventative measure to dissuade would-be attackers" assumes openly carrying a handgun would in fact dissuade would-be attackers; 2) he "wishes to openly carry a handgun in locations and during activities that are not excepted from Florida's general prohibition on open carry" such as "Oxbow Eco-Center in Port St. Lucie, Florida," "the Great American Port St. Lucie Gun Show," and "the Florida Turnpike at the Port St. Lucie Fort Pierce Service Plaza" assumes that these privately owned locations would either allow the public carry of a firearm on the property or would notify and report Plaintiff Hughes to local authorities who would then arrest and charge Plaintiff Hughes for violations of Fla. Stat. § 790.053(1); 3) he "finds that Florida's hot and humid climate makes carrying a concealed handgun uncomfortable, if not, impractical or altogether pointless" concludes that concealed carry is impractical and pointless; and 4) he "consistently achieves a quicker draw when openly carrying because he does not have to move clothing out of the way" and asserts that "when milliseconds count in a dire self-defense situation, Florida's ban on open carry therefore forces Hughes into a dangerous disadvantage against criminal attackers, who uniformly get to act first and do not obey the law" which are conjectural, hypothetical, and contingent statements alone, also present unwarranted factual deductions." Notably, Plaintiff Hughes states that he wishes to openly carry

his handgun for a walk down his street, but Plaintiff Hughes does not reside in the 19th judicial circuit and therefore, such relief isn't even a possibility for Defendants who have no jurisdiction in Palm Beach County where Plaintiff Hughes resides. Plaintiff Hughes seeks the ability to open carry in public places in a county or circuit wherein he does not even reside and to which he does not visit daily or even weekly, but once a month or annually.

Similarly, Plaintiffs allege that another GOA member wishes to openly carry a firearm while hiking and biking because it is "more comfortable" than concealed carry because of the extreme Florida heat, which assumes that such discomfort from the Florida heat is permanent and unchanging rather than a circumstance that varies depending on the time of year and time of day. Moreover, Plaintiffs allege that an 18-year-old GOA member wants to be able to carry a firearm but is unable to do so because concealed carry restrictions prevent him from obtaining a license due to his age. This allegation concludes that as Florida law prohibits concealed carry at his age and therefore, his only way to carry a firearm is openly which is also prohibited. Additionally, the 18-year-old GOA member claims if he was allowed to carry a firearm openly, he would openly carry "everywhere he is able to do so," but fails to allege any specific circumstance wherein he would openly carry.

Despite Plaintiffs attempts to assert "factual" allegations involving officers who have stopped and/or arrested GOA members for violations of Fla. Stat. § 790.053, such allegations are rife with conjectural, hypothetical and/or contingent assumptions and conclusory allegations, unwarranted factual deductions and/or legal conclusions. Specifically, Plaintiffs state that one GOA member was "arrested by an overbearing and uninformed Florida law enforcement agent for the non-crime of openly carrying a firearm within the curtilage of his own home." Similarly, Plaintiffs allege that another GOA member was "arrested – at gun point" and it was only his law

enforcement credentials that "saved him from the gun-wielding officer intent on arresting him for exercising an enumerated constitutional right." Clearly, these circumstances upon which Plaintiff relies are based on speculative threat of future injury at best, and at worst, present circumstances of convenience rather than actual injury.

**II. EVEN CONSIDERING THE FEDERAL TEST UNDER THE FEDERAL DECLARATORY JUDGMENT ACT, PLAINTIFFS HAVE FAILED TO PLEAD ALL ESSENTIAL ELEMENTS UNDER THE CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED.**

Even disregarding the similarly positioned Florida Declaratory Judgment Act, Plaintiffs have failed to plead the elements required to invoke jurisdiction pursuant to 28 U.S.C. § § 2201. As stated by Plaintiffs, the Article III "case or controversy" requirement states that "there must be a substantial continuing controversy between two adverse parties" which is "real and immediate," not "conjectural, hypothetical, or contingent," and is based on a "definite, rather than speculative threat of future injury." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1347 (11th Cir. 1999). Even Plaintiffs in their Response in Opposition to Defendants Bakkedahl and State Attorney's Office's Motion to Dismiss and Incorporated Memorandum of law only allege that "a real and ongoing 'controversy' clearly exists between the parties." See Page 7, Plaintiffs' Response in Opposition to Defendants Bakkedahl and State Attorney's Office's Motion to Dismiss and Incorporated Memorandum. Plaintiffs failed to allege that such controversy is not conjectural, hypothetical, or contingent and is based on definite, rather than speculative threat of future injury. Instead, Plaintiffs rely heavily on conjectural, hypothetical, or contingent circumstances and all around fail to establish a definite threat of future injury.

### III.     THE NINE-PART TEST FOR DECLARATORY JUDGMENT ACTION IS APPLICABLE AS PLAINTIFFS BROUGHT THEIR ACTION FOR DECLARATORY RELIEF UNDER 28 U.S.C. § § 2201 AS WELL AS 42 U.S.C. § § 1983.

Plaintiffs claim that the Nine-Part test for Declaratory Judgment Action is inapplicable because Plaintiffs seek relief under 42 U.S.C. § § 1983 completely ignores Plaintiffs own request for declaratory relief and establishment of jurisdiction pursuant to 28 U.S.C. § § 2201 in Plaintiffs' Complaint. In Paragraph 26 of Plaintiff's Complaint, Plaintiff alleges that this Court has original subject-matter jurisdiction over this action pursuant to "28 U.S.C. § § 1331, 1343, 1651, 2201, 2202 and 42 U.S.C. § § 1983 and 1988." See ¶ 26, Plaintiffs' Complaint. As Plaintiffs' Complaint for Declaratory Judgment and Injunctive Relief explicitly requests, even within the title itself, declaratory relief, the Nine-Part Test for Declaratory Judgment Action would apply. Moreover, the Nine-Part Test for Declaratory Action is contained within 28 U.S.C. § § 2201 and as Plaintiffs seek declaratory relief pursuant to such provision, it would follow that Plaintiffs' Complaint be required to withstand such Nine-Part Test. Therefore, Plaintiffs' argument is contradicted by their own requests for relief and claims of jurisdiction.

### IV.     DEFENDANTS PROPERLY PRESENT ARGUMENTS THAT QUESTION PLAINTIFFS' STANDING TO BRING SUCH ACTION AS THE FEDERAL COURT HAS ALREADY ADDRESSED THE ISSUES PRESENTED BY PLAINTIFF IN PRIOR FEDERAL CASES WITH IDENTICAL ARGUMENTS.

As the Federal courts have already heard and opined as to extremely similar issues being presented by Plaintiffs and Plaintiffs have only attempted to invalidate one of such cases, Defendants present arguments that challenge Plaintiffs' standing to bring such similarly situated cases for consideration. Despite Plaintiffs' allegations that "Norman v. State is no longer good law," Plaintiffs cite three federal Supreme Court decisions – *Heller, Bruen*, and *Rahimi* – and not only acknowledge them but also seemingly accept them as governing law. These three (3) cases all address the same issues of state restrictions on the right to bear arms. As such, Defendants

properly present the similarities of the allegations presented by Plaintiff including a discussion regarding the bare text of the Second Amendment and review of the historical tradition contemporaneously with the previous decisions made by the Supreme Court in order to establish the fact that the issues presented by Plaintiff have already been addressed and therefore, Plaintiff fails to present any issues that would warrant review by this Court. The fact of the matter is Plaintiff attempts to make claims that the State of Florida violates individual Second Amendment rights when the Supreme Court has already upheld that "States were able to "lawfully eliminate one kind of public carry . . . so long as they left open the [other] option." *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111, at 2150 (2022). Plaintiff explicitly establishes that Florida allows concealed carry of firearms and does not challenge the restrictions placed on an individual's rights to concealed carry. Therefore, at least one form of public carry exists and is available to individuals residing in the State of Florida. An individual's preference as to which form of public carry best meets their needs or is more favorable in their opinion does not negate the simple fact that a form of public carry is available and such elimination of open carry does not conflict with the federal courts previous decisions. Moreover, despite Plaintiffs assertion that the facts of *Bruen* were directly opposite of the facts presented – open carry was permitted while concealed carry was not – also does not change the Supreme Courts all encompassing opinion that states may lawfully eliminate one kind of public carry (in this case, open carry) so long as the other option remains open (in this case, concealed carry). Therefore, Plaintiff properly asserts arguments that challenge Plaintiffs' standing to bring such duplicative action for consideration in light of previous, established federal court opinions on the matter.

**V.    DEFENDANTS' REQUEST FOR STAY IS CLEARLY WARRANTED AS AN ALTERNATIVE TO DISMISSAL AS THE DETERMINATION OF THE PENDING NRA V. FDLE (CASE NO. 12314) WILL SET A PRECEDENT FOR FEDERAL COURTS WITH REGARD TO HISTORICAL ANALYSIS OF STATE LAWS – A PRIMARY ARGUMENT MADE BY PLAINTIFFS.**

Finally, Plaintiffs' attempt to allege that the outcome of the NRA v. FDLE case in the Eleventh Circuit has no bearing on the issues presented here. Such argument completely ignores the fact that the crux of Plaintiffs' case relies heavily on the idea that an open carry ban is ahistorical and the NRA v. FDLE case specifically attempts to establish exactly what time in history the courts are supposed to consider when applying a historical analysis of a law as discussed in *Bruen, Heller*, and *Rahimi*. Interestingly, despite Plaintiffs claim that "the public understanding of the right to keep and bear arms in both 1791 and 1868 was, for all relevant purposes, the same with respect to public carry" and that "while 'scholars' may be debating the question, the Supreme Court has not been part of that debate," the existence of a current, pending federal court case discussing the same would argue otherwise.

Additionally, Plaintiffs attempt to allege that Defendants maintain diametric positions that the Bruen historical analysis is both critical and also unnecessary ignores the fact that Defendants seek a stay in the alternative in the event that this Court determines a historical analysis will be necessary in consideration of the issues at hand as the NRA v. FDLE case exclusively deals with this specific issue. For this Court to make a determination as to the necessity of such historical analysis and the focal point in history would be rendered moot by any conflicting determination in the Eleventh Circuit requiring the issues to be re-litigated or such discrepancies would need to be resolved by the Supreme Court, neither of which would be in the best interest of judicial economy. A stay pending the outcome of the NRA v. FDLE case is warranted as a final result in such case

is imminently forthcoming, the impending decision would absolutely impact the issues raised herein, and would settle a rule of law that will define the rights of the parties.

WHEREFORE, Defendant STATE ATTORNEY THOMAS R. BAKKEDAHL in the Nineteenth Judicial Circuit of Florida, and the STATE ATTORNEY'S OFFICE for the 19th Judicial Circuit of Florida respectfully requests this Honorable Court grant Defendants STATE ATTORNEY THOMAS R. BAKKEDAHL in the Nineteenth Judicial Circuit of Florida, and the STATE ATTORNEY'S OFFICE for the 19th Judicial Circuit of Florida's Motion to Dismiss, and grant any other relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of October, 2024, a copy of the foregoing DEFENDANTS THOMAS R. BAKKEDAHL AND THE STATE ATTORNEY'S OFFICE FOR THE 19TH JUDICIAL CIRCUIT OF FLORIDA'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS BAKKEDAHL AND STATE ATTORNEY OFFICE'S MOTION TO DISMISS OR STAY AND INCORPORATED MEMORANDUM OF LAW has been electronically filed with the Florida E-File Portal for e-service on all parties of record herein.

**JACOBS SCHOLZ & WYLER, LLC**

*/s/ Arthur I. Jacobs*
_____
Arthur I. Jacobs, Esq.
Fla. Bar No.: 108249
Richard J. Scholz, Esq.
Fla. Bar No.: 0021261
Douglas A. Wyler, Esq.
Fla. Bar No.: 119979
961687 Gateway Blvd., Suite 201-I
Fernandina Beach, Florida 32034
(904) 261-3693
(904) 261-7879 Fax
Primary: filings@jswflorida.com