UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 2:24-cv-14250-JEM

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION, and
RICHARD HUGHES,

    Plaintiffs,

v.

SHERIFF KEITH PEARSON, in his
official capacity as Sheriff of St. Lucie
County, the ST. LUCIE COUNTY
SHERIFF'S OFFICE, THOMAS
BAKKEDAHL, in his official capacity
As the State Attorney for the 19th Judicial
Circuit of Florida, and the STATE
ATTORNEY'S OFFICE for the 19th
Judicial Circuit of Florida,

    Defendants.
_____/

## DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR FINAL DEFAULT AFTER JUDGMENT

The Defendants, SHERIFF KEITH PEARSON, in his official capacity as the Sheriff of St. Lucie County Florida, and THOMAS R. BAKKEDAHL in his official capacity as State attorney for the Nineteenth Judicial Circuit of Florida, and on behalf of the STATE ATTORNEY'S OFFICE for the 19th Judicial Circuit of Florida, by and through undersigned counsel, file this their Joint Response in opposition to Plaintiffs' Motion for Final Default After Judgment [ECF 28], and in support thereof would state as follows:

    1.    Plaintiffs Filed this Complaint on August 6, 2024. [ECF 1].

2. Plaintiffs served upon THOMAS BAKKEDAHL, in his official capacity as the State Attorney for the 19th Judicial Circuit of Florida, and the STATE ATTORNEY'S OFFICE for the 19th Judicial Circuit of Florida, Plaintiffs' Complaint for Declaratory and Injunctive Relief on August 9, 2024.

3. Plaintiffs served Defendants, KEITH PEARSON, in his official capacity as Sheriff of St. Lucie County, Florida, and the ST. LUCIE COUNTY SHERIFF'S OFFICE (SLCSO) with Summons and the Complaint for Declaratory and Injunctive Relief on August 12, 2024. (ECFs 7, 8).

4. The Complaint seeks the extraordinary relief of having a Federal District Court overturn the Florida Statute regarding conceal carry as unconstitutional and seeks to preclude the Defendants from enforcing this statute throughout the county where it has jurisdiction. [ECF1]. The Plaintiffs seek this relief despite not residing in the County of St. Lucie where Sheriff Pearson has jurisdiction or alleging any past examples of harm which can be attributed to St. Lucie County.

5. After service upon these Defendants, J.D. Small, Esquire who is in-house counsel for the St. Lucie County Sheriff conferred with James Phillips, Esquire, counsel for the Plaintiffs and the Parties agreed to a 30-day extension of time for the Defendant to respond to the Plaintiffs' Complaint, putting their Response due on September 19, 2024. However, due to an administrative oversight and excusable neglect, the existence of this agreement and updated deadline to respond was inadvertently never brought to the Court's attention at that time.

6. Similarly, after service upon these Defendants, Arthur I. Jacobs, Esquire, General Counsel for the Florida Prosecuting Attorney's Association, Inc. and counsel of record for Defendants THOMAS BAKKEDAHL, in his official capacity as the State Attorney for the 19th Judicial Circuit of Florida, and the STATE ATTORNEY'S OFFICE for the 19th Judicial Circuit of

Florida conferred with James Phillips, Esquire, counsel for the Plaintiffs and the Parties agreed to an extension of time for the Defendant to respond to the Plaintiffs' Complaint, putting their Response due on September 18, 2024. However, due to an administrative oversight and excusable neglect, the existence of this agreement and updated deadline to respond was inadvertently never brought to the Court's attention at that time.

7. As a result, on September 6, 2024, upon the Court's own order, the Clerk entered a Clerk's Default against these Defendants as well as Co-Defendants THOMAS BAKKEDAHL, in his official capacity as the State Attorney for the 19th Judicial Circuit of Florida, and the STATE ATTORNEY'S OFFICE (SAO) for the 19th Judicial Circuit of Florida.

8. On September 9, 2024, Defendants Bakkedahl and SAO filed a Joint Motion for Extension of Time that was executed by both Counsel for Defendants Bakkedahl and SAO as well as Counsel for Plaintiffs on September 5, 2024, prior to the Court's order directing the Clerk to enter a default against Defendants. [ECF 16].

9. On September 9, 2024, the Court entered an Order on Default Final Judgment Procedure giving all of the Defendants until September 23, 2024, to move to set aside the Clerk's Default as well as to substantively respond to the Complaint. [ECF 18].

10. On September 10, 2024, Defendants Bakkedahl and SAO filed a Motion to Vacate Clerk's Default in compliance with this Court's Order on Default Judgment Procedures. [ECF 20]. Plaintiffs chose not to file a response in opposition to this Motion, which should therefore be granted.

11. The Defendant Sheriff Pearson in his official capacity filed an Unopposed Motion to Set Aside Clerk's Default in compliance with this Court's procedures just four days later on

September 13, 2024. [ECF 23]. Plaintiffs likewise chose not to file a response to this Motion, which should therefore be granted.

12. On September 20, 2024, Bakkedahl and SAO filed a Motion to Dismiss or, in the Alenrtainve Motion to Stay [ECF 24] on the following grounds:

- Plaintiffs Fail to State a Claim
- Plaintiffs Fail to Allege all elements required for declaratory relief
- Plaintiffs' Complaint should be dismissed under 28 U.S.C. § 2201(a)
- Florida's Open Carry Restrictions Are Constitutional Under the Legal Framework set forth in *Bruen*
- Case Should be Stayed Pending the ruling *on NRA v FDLE*

13. On September 23, 2024, the Defendant Sheriff Pearson in his official capacity as Sheriff of St. Lucie County[1] filed separate Motion to Dismiss [ECF 25], which joined and adopted the Motion filed by Bakkedahl and SAO, and asserted the following additional grounds in support of dismissal:

- Plaintiff's Complaint failed to demonstrate an actual controversy required to seek declaratory relief
- Plaintiffs' failed Join Indispensable Parties

---

[1] To the extent Plaintiff claims only the Defendant Sheriff Pearson in his official capacity as Sheriff of St. Lucie County filed a responsive pleading and not St. Lucie County Sheriff's Office, **Error! Main Document Only.**no cause of action can be maintained as against the St. Lucie County Sheriff's Office, since the St. Lucie County Sheriff's Office is not a legal entity and is not otherwise sui juris; "a suit against a person in their official capacity is to be treated as a suit against the entity." Faulkner v. Monroe County Sheriff's Dept., 523 Fed. Apex 696 (11th Cir. 2013).

14.     On September 30, 2024, despite not opposing the Defendant Sheriff Pearson's Motion to Set Aside Default Judgment and not responding to same, the Plaintiffs filed this Motion for Final Default After Judgment, arguing that the Defendants did not establish good cause. [ECF 28].

15.     The Defendants failure to initially respond can be attributed to an administrative oversight which resulted in a failure to advise this Court of an agreed extension of time to respond. A good faith effort was made to promptly correct this default in compliance with the Court's instructions. [See ECF 18, 20, and 23]. Plaintiffs were not prejudiced by this brief delay, and did not oppose the Motion to Set Aside Default Judgment filed by the Defendant Pearson or the Motion to Vacate the Clerk's Default filed by Defendant Bakkedahl and SAO.

16.     Further, the Defendants as part of their respective Motions, have asserted several meritorious defenses to Plaintiffs' claims. [ECFs 24 and 25].

17.     Plaintiff's Motion for Default Judgment should be denied, and the Defendants' Unopposed Motion to Set Aside/Vacate Default should be granted.

FURTHER, the Defendants would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 55(c) states in pertinent part:

"SETTING ASIDE A DEFAULT OR A DEFAULT JUDGMENT. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."

Federal Rule of Civil Procedure 60(b) provides:

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR

PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

As noted above, Federal Rule of Civil Procedure 55(c) provides that a default may be set aside upon showing of good cause. "Good cause is a mutable standard, varying from situation to situation." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviavion, 88 F.3d 948, 951 (11th Cir. 1996). "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id; See also Allied Pros. Ins. Co. v. Fitzpatrick, No. 12-14372-CIV, 2013 WL 12095525, at *2 (S.D. Fla. Mar. 18, 2013). The Eleventh Circuit Court of Appeals has stated: "we have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." Sundy v. Friendship Pavilion Acquisition Co., LLC, 807 F. App'x 977, 983 (11th Cir. 2020) citing Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332 (11th Cir. 2014).

Further, "[r]ule 60(b) allows the court to set aside a final judgment for excusable neglect, among other reasons." E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990). "The Supreme Court categorized the excusable neglect inquiry as an equitable one and identified four factors pertinent to the analysis: the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay,

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Coniglio v. Bank of Am., NA, 638 F. App'x 972, 974–75 (11th Cir. 2016) (internal citations and quotations omitted). Additionally, courts have examined other factors in considering whether to set aside the default, including whether a public interest was implicated, and whether the defaulting party acted promptly to correct the default. Compania 88 F.3d 948, 951 (11th Cir. 1996).

The default not willful, but due to an administrative oversight, in that the agreed to extension of time was not initially brought to the Court's attention. Following the Court's Order on Default Judgment Procedure, the Defendants immediately made good faith efforts to promptly comply with the Court's instructions, which stated that upon a failure to respond to Plaintiffs' Complaint on or before September 23, 2024, default judgment may be entered. [ECF 18]. The length of the delay was small, as the Defendants filed a response within two weeks' time of the Court's Order on Default Judgment as required. Such a small delay did not prejudice the Plaintiffs, especially considering that given the agreed to a 30-day extension of time, Defendant Pearson's response was only filed a few days after the deadline pursuant to the original agreed to extension. Defendant Bakkedahl and SAO filed their response on September 17, 2024, which was prior to their agreed upon deadline of September 18, 2024, and six (6) days prior to the Court's deadline.

Moreover, the Defendants have each filed separate Motions to Dismiss, which each raise meritorious Defenses in response to Plaintiffs' Complaint. "[I]n order to establish a meritorious defense, the moving party must make an affirmative showing of a defense that is likely to be successful." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1296 (11th Cir. 2003) (internal quotations and citations omitted). In the Defendants' respective Motions to Dismiss or in the alternative Motion to stay [ECFs 24 and 25], they have each presented the Court with several

meritorious defenses against these claims as noted above, that are all worthy of consideration and might affect the outcome of this action. Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1511 (11th Cir. 1984) (defaulting party must show that it had a meritorious defense to the action that might have affected the outcome).

Lastly, as noted above, the Court may also consider additional factors, including whether the public interest was implicated, and whether the defaulting party acted promptly to correct the default. Both of these additional factors are relevant here and likewise weigh in favor of the Defendants and against default. Plaintiffs are seeking the extraordinary relief of having this Court determine whether a state law (conceal carry) the Defendants are required to enforce is constitutional, and to preclude the Defendants from enforcing it. This action will no doubt have a ripple effect not only on the residents of St. Lucie County, but likely throughout Florida, should Plaintiffs prevail. Therefore, it is clear that a significant public interest is implicated here. Further, as explained above, the Defendants acted promptly and in compliance with this Court's Order to correct the default.

These facts and circumstances support that the Defendants have sufficiently demonstrated good cause as required, that this default was a result of excusable neglect, that the Defendants Unopposed Motion to Set Aside/Vacate the Default should be granted, and that Plaintiff's instant Motion should be denied. Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1200, 1202 (11th Cir.1999) (holding that an administrative failure to record a deadline was excusable neglect).

Plaintiffs' Motion for Default should be denied.

Respectfully Submitted,

**JACOBS SCHOLZ & WYLER, LLC**

*/s/ Arthur I. Jacobs*
Arthur I. Jacobs, Esq
Fla. Bar No. 108249
961687 Gateway Blvd., Suite 201-I
Fernandina Beach, FL 32034
Telephone: (904) 261-3693
Facsimile: (904) 261-7879
Primary: filings@jswflorida.com
Secondary: Buddy@jswflorida.com

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: **STEPHEN D. STAMBOULIEH, ESQUIRE,** Co-Counsel for Plaintiffs, P.O. Box 428, Olive Branch, MS 38654 [stephen@sdslaw.us]; **JAMES D. PHILLIPS, JR., ESQUIRE**, Co-Counsel for Plaintiffs, 509 W. Colonial Drive, Orlando, FL 32804 [jphillips@thefirearmfirm.com]; and **ARTHUR IVAN JACOBS, ESQUIRE,** Counsel for Defendants Bakkedahl and SAO, 961687 Gateway Boulevard, Suite 201-I, Fernandina Beach, FL 32034 [buddy@jswflorida.com] this October 7, 2024.

 *s/Andrew W. Jolly*
ANDREW W. JOLLY, ESQUIRE
Fla. Bar No. 1032793
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:(954) 462-3200
e-mail: Andrew@purdylaw.com
 Cecilia@purdylaw.com
Attorney for *Defendants Sheriff and St. Lucie County Sheriff's Office*
Trial Counsel