IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION, and
RICHARD HUGHES,

    Plaintiffs,

v.

SHERIFF KEITH PEARSON, in his official
capacity as Sheriff of St. Lucie County, the
ST. LUCIE COUNTY SHERIFF'S OFFICE,
THOMAS BAKKEDAHL, in his official capacity
as the State Attorney for the 19th Judicial Circuit of
Florida, and the STATE ATTORNEY'S OFFICE
for the 19th Judicial Circuit of Florida,

    Defendants.

Civil Action No. 2:24-cv-14250-JEM

_____/

**JOINT CONFERENCE REPORT**

Plaintiffs Gun Owners of America, Inc., Gun Owners Foundation, and Richard Hughes ("Plaintiffs")[1], Defendants Sheriff Keith Pearson and St. Lucie County Sheriff's Office ("Sheriff"), and Defendants Thomas Bakkedahl and the State Attorneys' Office for the 19th Judicial District of Florida ("State Attorney"), pursuant to Rule 16.1(b) of the Local Rules for the Southern District of Florida and this Court's November 22, 2024 Order (Document 36), met virtually by Zoom on December 18, 2024 and hereby submit this Joint Conference Report.

**Information required by Local Rule 16.1(b):**

(A) <u>Likelihood of Settlement</u>

The parties discussed whether settlement is likely. At this time, settlement in this case is

---

[1] Plaintiffs will submit the Magistrate Judge Election Form upon receipt of all the required signatures.

1

unlikely, but the parties may consider settlement at a future date, to the extent possible.

    (B) <u>Likelihood of Appearance in the Action of Additional Parties</u>

Plaintiffs do not believe that additional parties are necessary, and thus, do not currently have plans to join any additional parties.

It is the position of Defendants Sheriff Pearson and State Attorney that several additional parties are indispensable to this action and are therefore likely to be joined. (See ECF 25).

    (C) <u>Discovery Schedule</u>

This Court has entered a Scheduling Order (Document 36) which the parties discussed. At this time, the parties do not seek to modify any dates contained in the Scheduling Order.

    (D) <u>Proposals for the Formulation and Simplification of Issues</u>

At this time, the parties do not have substantive proposals for the formulation and simplification of any issues. As the case progresses, the parties will, if appropriate, and in good faith, confer to discuss proposals for the formulation and simplification of issues in this case.

    (E) <u>Necessity of Amendments to Pleadings</u>

An amendment to Plaintiffs' Complaint may be necessary depending on the outcome of Defendants' Motion to Dismiss.

    (F) <u>Admissions and Stipulations Which Will Avoid Unnecessary Proof</u>

The parties have agreed that following the completion of appropriate discovery, the parties will further discuss the narrowing of issues and stipulations regarding the authenticity of documentary evidence and to otherwise discuss the possibility of narrowing the issues in order to avoid unnecessary proof and to seek advance rulings from the court on admissibility of evidence. The parties, if necessary, will also employ the use of requests for admission in accordance with Rule 36 of the Federal Rules of Civil Procedure.

(G) <u>Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence</u>

The parties will attempt to stipulate to the admissibility of evidence and the limitation of witnesses.

(H) <u>Referral of Matters to Magistrate Judge</u>

The parties do not consent to trial by the Magistrate Judge, nor to the disposition of dispositive pre-trial motions by a Magistrate Judge. However, at the appropriate time, the parties may request a settlement conference from the Magistrate Judge.

(I) <u>Preliminary Estimate of the Time Required for Trial</u>

The parties believe this matter will require 2-3 days of trial but, as explained below, the parties believe that this case is properly resolved on cross motions for summary judgment.

(J) <u>Pretrial Conference and Trial Dates</u>

This Court has previously set a trial date for this matter per its Scheduling Order and determined that "[n]o pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary." *See* Document No. 36.

(K) <u>Issues Regarding</u>:

    i. <u>Disclosure, Discovery, or Preservation of ESI</u>

    None at this time.

    ii. <u>Claims of Privilege or of Protection as Trial-Preparation Materials</u>

    None at this time.

    iii. <u>When the Parties Have Agreed to use the ESI Checklist</u>

    None to be determined at this time.

(L) <u>Other Information Helpful to the Court in Setting the Case for Status or Pretrial Conference</u>

At this time, the parties are unaware of any other information that might be helpful to the

Court in setting the case for status or pretrial conference.

<u>Additional information required by this Court's November 22, 2024 Order:</u>

(1) The parties believe this matter will likely be resolved on cross-motions for summary judgment. However, if this matter proceeds to trial, the parties believe a non-jury trial is appropriate.

(2) <u>Outline of Legal Elements</u>

    a. <u>Plaintiffs' Outline of Legal Elements</u>

Fla. Stat. § 790.053(1) specifically declares that it is "unlawful for any person to openly carry on or about his or her person any firearm…" Plaintiffs allege that Florida's ban on the open carry of a firearm violates the Second and Fourteenth Amendments to the United States Constitution. To succeed on a claim under the Second and Fourteenth Amendments, Plaintiffs would need to allege that their desired conduct is protected by the Second Amendment, whereupon the burden shifts to Defendants to prove that Fla. Stat. § 790.053(1) is "is consistent with this Nation's historical tradition of firearm regulation." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022).

    b. Defendant Sheriff Pearson's Outline of Legal Elements

Plaintiffs seek declaratory and injunctive relief, in the form of enjoining the Defendant Sheriff Pearson from enforcing Fla. Stat. § 790.053(1), which they allege violates their Second and Fourteenth Amendment Rights. It is the Defendant's position that Fla. Stat. § 790.053(1) is constitutional. Further, the Defendant has asserted as part of his pending Motion to Dismiss and corresponding Reply (See ECF 25 and 32), that Plaintiff's Complaint has failed to demonstrate the actual controversy necessary for seeking declaratory relief against the Defendant Sheriff. The Defendant Sheriff has also asserted that Plaintiffs' Complaint fails to join several indispensable parties to the lawsuit as noted above.

    c.  Defendant State Attorney Outline of Legal Elements

Plaintiffs seek declaratory and injunctive relief, in the form of enjoining the Defendant Sheriff Pearson from enforcing Fla. Stat. § 790.053(1), which they allege violates their Second and Fourteenth Amendment Rights. It is the Defendant State Attorney's position that Fla. Stat. § 790.053(1) is constitutional. Further, the Defendant State Attorney has asserted as part of his pending Motion to Dismiss and corresponding Reply (See ECF 24 and 29), that Plaintiff's Complaint has failed to demonstrate the actual controversy necessary for seeking declaratory relief against the Defendant State Attorney. The Defendant State Attorney has also asserted that Plaintiffs' Complaint fails to join several indispensable parties to the lawsuit as noted above.

(3) <u>Good-Faith Estimate of the Specific Dollar Valuation of Actual Damages and Other Relief at Issue</u>

Plaintiffs seek nominal damages (*see Hoever v. Marks*, 993 F.3d 1353, 1361 (11th Cir. 2021) ("nominal damages are available in § 1983 actions.").  Plaintiffs also seek an Order declaring that Fla. Stat. § 790.053(1) violates the Second and Fourteenth Amendments to the United States Constitution, and enjoining its enforcement.

(4) <u>The Need for Variance from the Discovery Limitations Imposed by Local Rule and/or the Federal Rules of Civil Procedure</u>

None at this time.

Respectfully submitted, this 1st day of January 2025,



Attorneys for the Plaintiffs
509 W. Colonial Drive
Orlando, Florida 32804
Tel./Fax: 321.332.6864
Email: jphillips@thefirearmfirm.com

*James D. Phillips*
**JAMES D. PHILLIPS, JR., ESQUIRE**
Florida Bar No.: 22846

Stephen D. Stamboulieh *
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
601-852-3440 (T)
stephen@sdslaw.us
Mississippi Bar No. 102784
*\*Admitted Pro Hac Vice*
Attorneys for Plaintiffs

  *s/Andrew W. Jolly*
ANDREW W. JOLLY, ESQUIRE
Fla. Bar No. 1032793
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:(954) 462-3200
e-mail: Andrew@purdylaw.com
        Cecilia@purdylaw.com
Attorney for *Defendants Sheriff and St. Lucie County Sheriff's Office*
Trial Counsel

**JACOBS, SCHOLZ & WYLER, LLC**

*/s/ Arthur I. Jacobs*
_____
Arthur I. Jacobs, Esq.
Fla. Bar No.: 108249
Richard J. Scholz, Esq.
Fla. Bar No.: 0021261
Douglas A. Wyler, Esq.
Fla. Bar No.: 119979
961687 Gateway Blvd., Suite 201-I
Fernandina Beach, FL 32034
(904) 261-3693
(904) 261-7879 Fax
Primary: filings@jswflorida.com
Secondary: buddy@jswflorida.com