IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Civil Action No. 2:24-cv-14250-JEM

GUN OWNERS OF AMERICA, INC., et al.

    Plaintiffs,

v.

SHERIFF RICHARD R. DEL TORO, in his official
capacity as Sheriff of St. Lucie County, et al.,

    Defendants.

_____/

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

COME NOW Plaintiffs Gun Owners of America, Inc. ("GOA"), Gun Owners Foundation ("GOF"), and Richard Hughes (collectively "Plaintiffs"), pursuant to Fed. R. Civ. P. 56(a) and Local Rule 56.1, and file this, their Statement of Material Facts in Support of their Motion for Summary Judgment, and state as follows:

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

    1.    Fla. Stat. § 790.053(1) generally prohibits the open carry of firearms in the state of Florida. *See* Fla. Stat. § 790.053(1); Complaint, ECF No. 1 at ¶ 62; Exhibit 4, St. Lucie County Sheriff's Office Facebook post.

    2.    Gun Owners of America, Inc. is a 501(c)(4) nonprofit organization with members in Florida, including in this district, who may not openly carry handguns in public due to Florida's ban. *See* Declaration of Luis Valdes, ECF No. 1-6, ¶4.

3. Gun Owners Foundation is a 501(c)(3) nonprofit organization with supporters in Florida, including in this district, who may not openly carry handguns in public due to Florida's ban. *See* Declaration of Luis Valdes, ECF No. 1-6, ¶6.

4. One of Gun Owners of America's members, John Leggett, was arrested in 2023 for openly carrying a handgun on his own property. *See* Declaration of Luis Valdes, ECF No. 1-6, ¶¶18, 26, 29.

5. Gun Owners of America member Jak McDuffie, who is 18 years old, cannot legally carry a handgun in Florida as, due to his age, cannot obtain a Concealed Weapons or Firearm License and, due to the ban on open carry, cannot carry a handgun openly in public. *See* Declaration of Luis Valdes, ECF No. 1-6, ¶¶36, 37.

6. Gun Owners of America member Lammare Notargiacomo does not possess a Concealed Weapons or Firearm License, but would openly carry a handgun, were it not for Florida's ban on openly carried handguns. *See* Declaration of Luis Valdes, ECF No. 1-6, ¶¶40-43.

7. Luis Valdes, the Florida State Director for Plaintiff Gun Owners of America and spokesman for Gun Owners Foundation, is a former law enforcement officer. *See* Declaration of Luis Valdes, ECF No. 1-6, ¶43.

8. Mr. Valdes was stopped, at gunpoint, by a law enforcement officer who saw Mr. Valdes' handgun, which was uncovered while Mr. Valdes was riding his motorcycle. Mr. Valdes was not arrested, as at the time he was an off-duty law enforcement officer. *See* Declaration of Luis Valdes, ECF No. 1-6, ¶44.

9. Plaintiff Richard Hughes "routinely" carries his handgun in public places, but is required to carry it concealed only. *See* Declaration of Richard Hughes, ECF No. 1-7, ¶4.

10. Mr. Hughes desires to carry a "full-size handgun" but "cannot reasonably conceal such a firearm while wearing Florida-appropriate clothing." *See* Declaration of Richard Hughes, ECF No. 1-7, ¶6.

11. Carrying his handgun concealed adds additional time to how long it takes Mr. Hughes to draw his handgun and respond effectively to a deadly threat. *See* Declaration of Richard Hughes, ECF No. 1-7, ¶11.

12. Mr. Hughes is required to carry a smaller handgun so he can effectively conceal it in compliance with Florida law. *See* Declaration of Richard Hughes, ECF No. 1-7, ¶13.

13. Mr. Hughes would openly carry a handgun in public if Florida law permitted him to do so. *See* Declaration of Richard Hughes, ECF No. 1-7, ¶14.

14. Mr. Hughes routinely visits the Oxbox Eco-Center in Port St. Lucie "at least once a month" where he wants to openly carry a handgun, but cannot due to Florida's ban. *See* Declaration of Richard Hughes, ECF No. 1-7, ¶¶16, 18.

15. Mr. Hughes "regularly" attends the Great American Port St. Lucie Gun Show, but is not allowed to carry his handgun openly during attendance, even if unloaded, due to Florida's ban. *See* Declaration of Richard Hughes, ECF No. 1-7, ¶19.

16. Mr. Hughes is "aware that the St. Lucie County Sheriff's Office," a defendant here, declared on social media that "open carry remains illegal across Florida…" *See* Declaration of Richard Hughes, ECF No. 1-7, ¶21; Exhibit 4, St. Lucie County Sheriff's Office Facebook post.

17. Mr. Hughes would openly carry his handgun if Florida law permitted him to do so. *See* Declaration of Richard Hughes, ECF No. 1-7, ¶22.

18. Defendants Thomas Bakkedahl and the State Attorney's Office for the 19th Judicial Circuit of Florida have charged individuals for violation of Fla. Stat. § 790.053(1), which prohibits

the open carry of firearms, in Florida. *See* Exhibit 1, Bakkedahl's Responses to Plaintiffs' Request for Admissions, ¶ 9.

19. Defendants Thomas Bakkedahl and the State Attorney's Office for the 19th Judicial Circuit of Florida have prosecuted individuals for violation of Fla. Stat. § 790.053(1), which prohibits the open carry of firearms, in Florida. *See* Exhibit 1, Bakkedahl's Responses to Plaintiffs' Request for Admissions, ¶ 10; Exhibit 3, Bakkedahl's Responses to Plaintiffs' First Set of Interrogatories, ¶ 10.

20. Defendants Thomas Bakkedahl and the State Attorney's Office for the 19th Judicial Circuit of Florida have accepted pleas of nolo contendere for individuals charged with violation of Fla. Stat. § 790.053(1). *See* Exhibit 3, Bakkedahl's Responses to Plaintiffs' First Set of Interrogatories, ¶ 11.

21. Defendants Richard Del Toro, Jr. and the St. Lucie County Sheriff's office have arrested individuals for violation of Fla. Stat. § 790.053(1). *See* Exhibit 2, Del Toro's Responses to Plaintiffs' Request for Admissions, ¶ 10.

22. Defendants Richard Del Toro, Jr. and the St. Lucie County Sheriff's office have investigated alleged or apparent violations of Fla. Stat. § 790.053(1). *See* Exhibit 2, Del Toro's Responses to Plaintiffs' Request for Admissions, ¶ 11.

Respectfully submitted this 3rd day of June 2025,

**KATZ & PHILLIPS, P.A.**
Attorneys for the Plaintiffs
509 W. Colonial Drive
Orlando, Florida 32804
Tel./Fax: 321.332.6864
Email: jphillips@thefirearmfirm.com

_____*James D. Phillips*_____
**JAMES D. PHILLIPS, JR., ESQUIRE**
Florida Bar No.: 22846

4

        Stephen D. Stamboulieh*
        Stamboulieh Law, PLLC
        P.O. Box 428
        Olive Branch, MS 38654
        601-852-3440 (T)
        stephen@sdslaw.us
        Mississippi Bar No. 102784
        *Admitted Pro Hac Vice

        Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I certify that on June 3, 2025, a copy of the foregoing document or pleading has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to: Arthur Ivan Jacobs, Esquire, Counsel for Defendants Bakkedahl and SAO, 961687 Gateway Boulevard, Suite 201-I, Fernandina Beach, FL 32034; buddy@jswflorida.com; Summer M. Barranco, Esquire, Andrew Jolly, Esq., and Richard A. Giuffreda, Esquire, Counsel for Defendants Sheriff Del Toro and St. Lucie County Sheriff's Office, 2455 E. Sunrise Blvd, Suite 1216, Fort Lauderdale, FL 33304; summer@purdylaw.com, andrew@purdylaw.com, richard@purdylaw.com.

        _____*James D. Phillips*_____
        **JAMES D. PHILLIPS, JR., ESQUIRE**
        Florida Bar No.: 22846