IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION, and
RICHARD HUGHES,

    Plaintiffs,

v.

SHERIFF KEITH PEARSON, in his official capacity as Sheriff of St. Lucie County, the ST. LUCIE COUNTY SHERIFF'S OFFICE, THOMAS BAKKEDAHL, in his official capacity as the State Attorney for the 19th Judicial Circuit of Florida, and the STATE ATTORNEY'S OFFICE for the 19th Judicial Circuit of Florida,

    Defendants.
_____/

CASE NO.: 2:24-cv-14250-JEM
DIVISION:

**DEFENDANTS THOMAS R. BAKKEDAHL AND THE STATE ATTORNEY'S OFFICE FOR THE 19TH JUDICIAL CIRCUIT OF FLORIDA'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS THOMAS BAKKEDAHL AND THE STATE ATTORNEY'S OFFICE FOR THE 19TH JUDICIAL CIRCUIT OF FLORIDA**

COMES NOW, Defendants, THOMAS BAKKEDAHL, in his official capacity as the State Attorney for the 19th Judicial Circuit of Florida, and the STATE ATTORNEY'S OFFICE for the 19th Judicial Circuit of Florida, by and through the undersigned counsel, and pursuant to Fed. R. Civ. Pro. 34, and provides responses to Plaintiffs' First Set of Requests for Admission to Defendants Thomas R. Bakkedahl and the State Attorney's Office for the 19th Judicial Circuit of Florida consisting of ten (10) requests as follows:

    1.    Please admit that pursuant to Fla. Stat. § 790.053(1), Florida law prevents or does not allow someone to openly carry a firearm on or about their person, absent narrow

Exhibit 1

**exceptions.** Objection. This request for admission seeks a purely legal conclusion, such as the interpretation of statute or general legal principles without tying them to specific facts of this case, which is impermissible. See Perez v. Aircom Mgmt. Corp., 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013).

2. **Please admit that Florida's prohibition on the open carrying of firearms on or about one's person applies to those who can lawfully possess firearms.** Objection. This request for admission seeks a purely legal conclusion, such as the interpretation of statute or general legal principles without tying them to specific facts of this case, which is impermissible. See Perez v. Aircom Mgmt. Corp., 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013).

3. **Please admit that the only means of lawfully carrying a firearm on or about one's person, in the course of one's daily life, in the state of Florida is concealed carry pursuant to Fla. Stat. § 790.01.** Objection. This request for admission seeks a purely legal conclusion, such as the interpretation of statute or general legal principles without tying them to specific facts of this case, which is impermissible. See Perez v. Aircom Mgmt. Corp., 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013).

4. **Please admit that under Fla. Stat. § 790.053(1), Forida law does not allow for those under the age of 21 to carry a firearm on or about their person in a concealed manner.** Objection. This request for admission seeks a purely legal conclusion, such as the interpretation of statute or general legal principles without tying them to specific facts of this case, which is impermissible. See Perez v. Aircom Mgmt. Corp., 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013).

5. **Please admit that it is lawful for one between the ages of 18-20 to possess firearms in the state of Florida.** Objection. This request for admission seeks a purely legal conclusion, such as the interpretation of statute or general legal principles without tying them to

specific facts of this case, which is impermissible. See Perez v. Aircom Mgmt. Corp., 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013).

6. **Please admit that you and your office enforce Fla. Stat. § 790.053(1) through prosecutions of violations of said statute.** Objection. This request for admission seeks an admission of a pure question of law regarding executive branch discretion on whether Defendant State Attorney and its assistant state attorneys enforce F.S. 790.053(1), which the Defendant State Attorney cannot speak to, based on a hypothetical such as this. See Everton v. Willard, 468 So. 2d 936 (Fla. 1985) (the decision to arrest or release is a discretionary, judgmental choice inherent in the government's ability to set law enforcement policy).

7. **Please admit that you and your office investigate alleged violations of Fla. Stat. § 790.053(1).** Objection. This request for admission seeks an admission of a pure question of law regarding executive branch discretion on whether Defendant State Attorney and its assistant state attorneys enforce F.S. 790.053(1), which the Defendant State Attorney cannot speak to, based on a hypothetical such as this. See Everton v. Willard, 468 So. 2d 936 (Fla. 1985) (the decision to arrest or release is a discretionary, judgmental choice inherent in the government's ability to set law enforcement policy).

8. **Please admit that you and your office would prosecute a person for a violation of Fla. Stat. § 790.053(1).** Objection. This request for admission seeks an admission of a pure question of law regarding executive branch discretion on whether Defendant State Attorney and its assistant state attorneys enforce F.S. 790.053(1), which the Defendant State Attorney cannot speak to, based on a hypothetical such as this. See Everton v. Willard, 468 So. 2d 936 (Fla. 1985) (the decision to arrest or release is a discretionary, judgmental choice inherent in the government's ability to set law enforcement policy).

9. **Please admit that you and your office have charged persons with violations of Fla. Stat. § 790.053(1).** Admitted.

10. **Please admit that you and your office have prosecuted persons charged with violations of Fla. Stat. § 790.053(1).** Admitted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of March, 2025, a copy of the foregoing DEFENDANTS THOMAS R. BAKKEDAHL AND THE STATE ATTORNEY'S OFFICE FOR THE 19TH JUDICIAL CIRCUIT OF FLORIDA'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS BAKKEDAHL AND STATE ATTORNEY'S OFFICE FOR THE 19TH JUDICIAL CIRCUIT OF FLORIDA has been electronically served upon the following recipients via electronic mail:

James D Phillips, Jr.
509 W. Colonial Drive
Orlando, FL 32804
3213326864
(321) 422-3457 (fax)
jphillips@thefirearmfirm.com

Stephen D. Stamboulieh
Strambouleih Law, PLLC
PO Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

Andrew William Jolly
Purdy, Jolly, Giuffreda & Barranco, P.A.
2455 E. Sunrise Blvd. Suite 1216
Ft. Lauderdale, FL 33304
954-336-8592
andrew@purdylaw.com

Richard A. Giuffreda
Purdy Jolly Giuffreda Barranco & Jisa PA
2455 E Sunrise Boulevard
Suite 1216
Fort Lauderdale, FL 33304
954-462-3200
462-3861 (fax)
richard@purdylaw.com

Summer Marie Barranco
Purdy, Jolly, Giuffreda, Barranco & Jisa, P.A.
2455 E. Sunrise Blvd., Suite 1216
Ft. Lauderdale, FL 33304
954-462-6200
summer@purdylaw.com

**JACOBS SCHOLZ & WYLER, LLC**

*/s/ Arthur I. Jacobs*
_____
Arthur I. Jacobs, Esq.
Fla. Bar No.: 108249
Richard J. Scholz, Esq.
Fla. Bar No.: 0021261
Douglas A. Wyler, Esq.
Fla. Bar No.: 119979
961687 Gateway Blvd., Suite 201-I
Fernandina Beach, Florida 32034
(904) 261-3693
(904) 261-7879 Fax
Primary: filings@jswflorida.com