UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:24-cv-14250-JEM

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION, and
RICHARD HUGHES,

      Plaintiffs,

v.

SHERIFF KEITH PEARSON, in his
official capacity as Sheriff of St. Lucie
County, the ST. LUCIE COUNTY
SHERIFF'S OFFICE, THOMAS
BAKKEDAHL, in his official capacity
As the State Attorney for the 19th Judicial
Circuit of Florida, and the STATE
ATTORNEY'S OFFICE for the 19th
Judicial Circuit of Florida,

      Defendants.
_____/

## DEFENDANT SHERIFF KEITH PEARSON'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Defendant, KEITH PEARSON[1], Sheriff of St. Lucie County, Florida, by and through undersigned counsel, pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby submits his responses to Plaintiffs' First Set of Requests for Admissions, and state as follows:

**REQUEST FOR ADMISSION 1:** Please admit that pursuant to Fla. Stat. § 790.053

(1) Florida law prevents or does not allow someone to openly carry a firearm on or about their

---

[1] Sheriff Pearson in his official capacity is named as the Defendant; however, Sheriff's Pearson's tenure has ended, and his successor, Sheriff Del Toro, has now been sworn in. Therefore, these requests are being answered by a representative of Sheriff Del Toro. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, an Unopposed Motion for Substitution of Party/Defendant is forthcoming.

1

Exhibit 2

person, absent narrow exceptions.

**RESPONSE**: Objection. This request for admission seeks a purely legal conclusion, such as the interpretation of statute or general legal principles without tying them to specific facts of this case, which is impermissible. See Perez v. Aircom Mgmt. Corp., 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013)

**REQUEST FOR ADMISSION 2:** Please admit that Florida's prohibition on the open carrying of firearms on or about one's person applies to those who can lawfully possess firearms.

**RESPONSE:** Objection. This request for admission seeks a purely legal conclusion, such as the interpretation of statute or general legal principles without tying them to specific facts of this case, which is impermissible. See Perez v. Aircom Mgmt. Corp., 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013).

**REQUEST FOR ADMISSION 3:** Please admit that only means of lawfully carrying a firearm on or about one's person, in the course of one's day life, in the state of Florida is concealed carry pursuant to Fla. Stat. § 790.01.

**RESPONSE:** Objection. This request for admission seeks a purely legal conclusion, such as the interpretation of statute or general legal principles without tying them to specific facts of this

case, which is impermissible. See <u>Perez v. Aircom Mgmt. Corp.</u>, 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013).

**REQUEST FOR ADMISSION 4:** Please admit that under Fla. Stat § 790.01. Florida law does not allow for those under the age of 21 to carry a firearm on or about their person in a concealed or open manner.

**RESPONSE:** Objection. This request for admission seeks a purely legal conclusion, such as the interpretation of statute or general legal principles without tying them to specific facts of this case, which is impermissible. See <u>Perez v. Aircom Mgmt. Corp.</u>, 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013).

**REQUEST FOR ADMISSION 5:** Please admit that is lawful for one between the ages of 18-20 to possess firearms in the state of Florida.

**RESPONSE:** Objection. This request for admission seeks a purely legal conclusion, such as the interpretation of statute or general legal principles without tying them to specific facts of this case, which is impermissible. See <u>Perez v. Aircom Mgmt. Corp.</u>, 2013 WL 45895, at *2 (S.D. Fla. Jan. 3, 2013).

**REQUEST FOR ADMISSION 6:** Please admit that you or officers under your control enforce Fla. Stat. § 790.053(1).

**RESPONSE:** Objection. This request for admission seeks an admission of a pure question of law regarding executive branch discretion on whether SLCSO officers under my control enforce F.S. 790.053(1), which the Defendant Sheriff cannot speak to, based on a hypothetical such as this. See Everton v. Willard, 468 So. 2d 936 (Fla. 1985) (the decision to arrest or release is a discretionary, judgmental choice inherent in the government's ability to set law enforcement policy).

**REQUEST FOR ADMISSION 7:** Please admit that you or officers under your control investigate alleged violations of Fla. Stat. § 790.053(1).

**RESPONSE**: Objection. This request for admission seeks an admission of a pure question of law regarding executive branch discretion on whether SLCSO officers under my control enforce F.S. 790.053(1), which the Defendant Sheriff cannot speak to, based on a hypothetical such as this. See Everton v. Willard, 468 So. 2d 936 (Fla. 1985) (the decision to arrest or release is a discretionary, judgmental choice inherent in the government's ability to set law enforcement policy).

**REQUEST FOR ADMISSION 8:** Please admit that you or officers under your control would detain a person in apparent violation of Fla. Stat. § 790.053(1).

**RESPONSE:** Objection. This request for admission seeks an admission of a pure question of law regarding executive branch discretion on whether SLCSO officers under my control enforce F.S. 790.053(1), which the Defendant Sheriff cannot speak to, based on a hypothetical such as this. See Everton v. Willard, 468 So. 2d 936 (Fla. 1985) (the decision to arrest or release is a discretionary, judgmental choice inherent in the government's ability to set law enforcement policy). Furthermore, requests for admissions that call for speculation or are vague and ambiguous are improper.

**REQUEST FOR ADMISSION 9:** Please admit that you or officers under your control would arrest a person found to be in violation of Fla. Stat. § 790.053(1).

**RESPONSE:** Objection. This request for admission seeks an admission of a pure question of law regarding executive branch discretion on whether SLCSO officers under my control enforce F.S. 790.053(1), which the Defendant Sheriff cannot speak to, based on a hypothetical such as this. See Everton v. Willard, 468 So. 2d 936 (Fla. 1985) (the decision to arrest or release is a discretionary, judgmental choice inherent in the government's ability to set law enforcement policy). Furthermore, requests for admissions that call for speculation or are vague and ambiguous are improper.

**REQUEST FOR ADMISSION 10:** Please admit that your or officer under your control have arrested persons found to be in violation of Fla. Stat. § 790.053(1).

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION 11:** Please admit that your or officer under your control have investigated alleged or apparent violations of Fla. Stat. § 790.053(1).

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION 12:** Please admit that your or officer under your control have testified in court during the prosecution of alleged or apparent violations of Fla. Stat. § 790.053(1).

**RESPONSE:** The records and information known or readily obtainable by Defendant are insufficient to allow him to admit or deny this request.

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished via email to: **STEPHEN D. STAMBOULIEH, ESQUIRE,** Co-Counsel for Plaintiffs, P.O. Box 428, Olive Branch, MS 38654  [stephen@sdslaw.us]; **JAMES D. PHILLIPS, JR., ESQUIRE**, Co-Counsel for Plaintiffs, 509 W. Colonial Drive, Orlando, FL 32804 [jphillips@thefirearmfirm.com]; and **ARTHUR IVAN JACOBS, ESQUIRE,** Counsel for Defendants Bakkedahl and SAO, 961687 Gateway Boulevard, Suite 201-I, Fernandina Beach, FL 32034 [buddy@jswflorida.com], this March 24, 2025.

   _s/Andrew W. Jolly_
ANDREW W. JOLLY, ESQUIRE
Fla. Bar No. 1032793
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.

        2455 E. Sunrise Boulevard, Suite 1216
        Fort Lauderdale, Florida 33304
        Telephone:(954) 462-3200
        e-mail: Andrew@purdylaw.com
                Cecilia@purdylaw.com
        Attorney for *Defendants Sheriff and St. Lucie County Sheriff's Office*
        Trial Counsel