IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION, and
RICHARD HUGHES,

      Plaintiffs,

v.

SHERIFF KEITH PEARSON, in his
official capacity as Sheriff of St. Lucie
County, the ST. LUCIE COUNTY
SHERIFF'S    OFFICE,    THOMAS
BAKKEDAHL, in his official capacity as
the State Attorney for the 19th Judicial
Circuit of Florida, and the STATE
ATTORNEY'S OFFICE for the 19th
Judicial Circuit of Florida,

      Defendants.

_____/

CASE NO.:   2:24-cv-14250-JEM
DIVISION:

**<u>DEFENDANTS THOMAS R. BAKKEDAHL AND THE STATE ATTORNEY'S OFFICE FOR THE 19TH JUDICIAL CIRCUIT OF FLORIDA'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS THOMAS BAKKEDAHL AND THE STATE ATTORNEY'S OFFICE FOR THE 19TH JUDICIAL CIRCUIT OF FLORIDA</u>**

COMES NOW, Defendants, THOMAS BAKKEDAHL, in his official capacity as the State Attorney for the 19th Judicial Circuit of Florida, and the STATE ATTORNEY'S OFFICE for the 19th Judicial Circuit of Florida (collectively "Defendants State Attorney"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. Pro. Rule 34(b)(2), and answers Plaintiffs' First Set of Interrogatories to Defendants Thomas R. Bakkedahl and the State Attorney's Office for the 19th Judicial Circuit of Florida consisting of fourteen (14) interrogatories as follows:

**1.    Identify all documents that may potentially be offered as evidence to use at trial of this matter and/or to support or oppose a Motion for Summary Judgment.**

Exhibit 3

**ANSWER:**   Objection. Plaintiffs' request which seeks to uncover the Defendants State Attorneys' evidentiary plans for trial is improper and exceeds the scope of what discovery permits. See <u>Stevens v. United States</u>, 2011 WL 13173610, at *2 (S.D. Fla. July 25, 2011) (court sustained objection to discovery requests which sought to compel revelation of responding counsel's evidentiary analysis, i.e. the selective weighing and sorting information collected thus far; interrogatory and request for production held improper to extend discovery sought identity of exact witnesses and documents intended to be used to support each affirmative defense; using written discovery to effectively test the sufficiency of proof, is entirely improper. Notwithstanding the above objection, discovery is ongoing in this process. Documents to be introduced as evidence at trial and/or in support of or to oppose a Motion for Summary Judgment are yet to be determined and will be provided in accordance with the Court's Order Setting Trial.

     **2.**    **Identify all persons or entities who participate in or have knowledge of any discoverable matter regarding the subject matter of this lawsuit.**

**ANSWER:**   Objection. Defendants State Attorney are of the position that there is no discoverable matter regarding the constitutionality of Florida's Open Carry law and the enforcement of Fla. Stat. § 790.053(1). However, case information regarding pending and/or past cases under Fla. Stat. § 790.053(1) are available to anyone who submits a public records request pursuant to Fla. Stat. § 119. Certain case information is ascertainable via a public records search with the clerk of court for each particular county within the circuit. Accordingly, it is impossible to identify all persons or entities with knowledge of the subject matter of this lawsuit. Notwithstanding the above, the Attorney General of Florida, all State Attorneys and their office staff including IT department, all Sheriff's and their offices, all Police Chief's and their offices,

and other law enforcement agencies have access to certain records pertaining to arrests and prosecution of individuals under Fla. Stat. § 790.053(1).

> **3.** **Identify all persons with whom you have spoken or communicated orally or in writing, other than your lawyers retained to represent you in this matter, about the subject matter of this lawsuit, or about the conduct, actions, behavior, or statements of Plaintiffs and for each person identified, describe the person(s) with whom you were speaking, the substance of the communication, the place, time and date of the communication, any witnesses to the communication, and identify by giving a description and location of any documents that may relate in any way to the communications.**

**ANSWER:**    Objection. The subject matter of this proceeding is the constitutionality of Florida's open carry law and the enforcement of Fla. Stat. § 790.053(1). Therefore, to the extent Defendants State Attorney engaged in such communications, none of the communications would have involved Plaintiffs or be relevant in any way. Accordingly, Defendants State Attorney object to this request on the basis that this interrogatory is vague, overbroad, and is not proportional to the needs of this case. Moreover, it is well established that "State Attorneys are quasi-judicial officers." The Office of the State Attorney, Fourth Judicial Circuit of Florida v. Parrotino, 628 So.2d 1097, 1099 (Fla., 1993). Further, "the Florida Supreme Court has held that the doctrine of judicial immunity embraces persons who exercise a judicial or quasi-judicial function." Dep't of Highway Safety v. Marks, 898 So.2d 1063, 1065 (Fla. 5th DCA 2005). Additionally, state prosecutors are entitled to absolute immunity when they perform their quasi-judicial function of initiating prosecution and presenting the State's case. Lloyd v. Hines, 474 So.2d 376 (Fla. 1st DCA 1985). The reason for this is that a prosecutor's duty is essential to the proper functioning of the criminal justice system and limiting liability promotes the vigorous and fearless performance of

the prosecutor's duty. <u>Imbler v. Pachtman</u>, 424 U.S. at 427-28 (1976). Likewise, seeking investigative work product of the State Attorney's Office is improper. <u>Bedami v. State</u>, 112 So. 2d 284 (Fla. 2d DCA 1959). In <u>Eagan v. DeManio</u>, 294 So. 2d 639 (Fla. 1974), the court quashed a subpoena duces tecum to the State Attorney and his assistant state attorney to appear for hearing and produce their files, saying that: "[s]ubjecting prosecutors to this type of discovery of their investigations would require disclosure of their work product and seriously impede criminal prosecutions." The United States Supreme Court has long protected an attorney's preparatory work product. <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).  See also <u>U.S. v. Nobles</u>, 422 U.S. 225, 238 (1975) (work product applies to criminal as well as civil litigation). Decisions to prosecute fall in the realm of work product, and prosecutors are not required to explain decisions to prosecute. See <u>McClesky v. Kemp</u>, 481 U.S. 279 (1987); <u>Wayte v. U.S.</u>, 470 U.S. 598 (1985); <u>Bordenkircher v. Hayes</u>, 434 U.S. 357 (1978). Accordingly, Defendants State Attorney object to this request on the basis that this interrogatory seeks the investigative work product of Defendants State Attorney.

   4.   **For each person you expect to call as an expert witness at trial, including physicians or generally employed expert(s) whose information was not acquired in preparation for this particular trial, state the following:**

   a.  **The name, address, and qualifications of each expert;**

   b.  **The subject matter on which the expert is expected to testify;**

   c.  **The substance of the facts and opinions to which the expert is expected to testify;**

   d.  **A summary of the grounds for each such opinion; and**

   e.  **The expert's resume or Curriculum Vitae.**

**ANSWER:**    No experts have been retained at this time, as there is a pending Motion to Dismiss which asserts, inter alia, that these Plaintiffs lack standing, which has yet to be resolved. Notwithstanding the above, discovery is ongoing in this process. Experts to be retained for expert testimony at trial and/or in support of or to oppose a Motion for Summary Judgment are yet to be determined.

5.    **Please describe all communication you or your office have had with Florida State Police staff, other officials with the State of Florida, Sheriffs and their staff, other offices of the Florida State Attorney's Offices, County prosecutors, or other relevant officials regarding the open carry of firearms, Fla. Stat. § 790.053(1), investigations of persons openly carrying firearms, violations of Fla. Stat. § 790.053(1), or detentions, arrests, and prosecutions attendant thereto, and list who these communications were directed to, the date of the communication, the substance of the communication, and whether you have copies of these communications. Please limit the time frame in this interrogatory to the previous five (5) years.**

**ANSWER:**    Objection. This request is overly broad and unduly burdensome. The State Attorney's Office for the 19th Judicial Circuit of Florida has 137 staff members who receive numerous verbal communications from other enforcement offices and individuals regarding Fla. Stat. § 790.053(1). Additionally, Defendant State Attorney has experienced a significantly higher turnover rate in the last five (5) years. Therefore, it is nearly impossible for Defendant to identify all communications for the last five (5) years. Accordingly, Defendants object to this request on the basis that this interrogatory is vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Moreover, it is well established that "State Attorneys are quasi-judicial officers." The Office of the State Attorney, Fourth Judicial Circuit of Florida v. Parrotino, 628

So.2d 1097, 1099 (Fla., 1993). Further, "the Florida Supreme Court has held that the doctrine of judicial immunity embraces persons who exercise a judicial or quasi-judicial function." Dep't of Highway Safety v. Marks, 898 So.2d 1063, 1065 (Fla. 5th DCA 2005). Additionally, state prosecutors are entitled to absolute immunity when they perform their quasi-judicial function of initiating prosecution and presenting the State's case. Lloyd v. Hines, 474 So.2d 376 (Fla. 1st DCA 1985). The reason for this is that a prosecutor's duty is essential to the proper functioning of the criminal justice system and limiting liability promotes the vigorous and fearless performance of the prosecutor's duty. Imbler v. Pachtman, 424 U.S. at 427-28 (1976). Likewise, seeking investigative work product of the State Attorney's Office is improper. Bedami v. State, 112 So. 2d 284 (Fla. 2d DCA 1959). In Eagan v. DeManio, 294 So. 2d 639 (Fla. 1974), the court quashed a subpoena duces tecum to the State Attorney and his assistant state attorney to appear for hearing and produce their files, saying that: "[s]ubjecting prosecutors to this type of discovery of their investigations would require disclosure of their work product and seriously impede criminal prosecutions." The United States Supreme Court has long protected an attorney's preparatory work product. Hickman v. Taylor, 329 U.S. 495 (1947). See also U.S. v. Nobles, 422 U.S. 225, 238 (1975) (work product applies to criminal as well as civil litigation). Decisions to prosecute fall in the realm of work product, and prosecutors are not required to explain decisions to prosecute. See McClesky v. Kemp, 481 U.S. 279 (1987); Wayte v. U.S., 470 U.S. 598 (1985); Bordenkircher v. Haves, 434 U.S. 357 (1978). Accordingly, Defendants State Attorney object to this request on the basis that this interrogatory seeks the investigative work product of Defendants State Attorney.

**6.     Please describe your office's policies and procedures regarding the open carry of firearms, Fla. Stat. § 790.053(1), prosecutions of persons openly carrying firearms, and**

**investigations of such persons. Please limit the time frame in this interrogatory to the previous five (5) years.**

**ANSWER:**    Staff undergo continuing education courses regarding updates to Florida law and prosecution of such laws provided by the State and Florida Bar Association. Otherwise, Defendant's office does not maintain specific policies and procedures regarding the open carry of firearms under Fla. Stat. § 790.053(1), prosecutions of persons openly carrying firearms, and investigations of such persons as these are considered on a case-by-case basis in light of all circumstances presented after review of the arrest report and other investigations.

**7.    Please describe all communication you have had with your office staff regarding the open carry of firearms, Fla. Stat. § 790.053(1), investigations of persons openly carrying firearms, violations of Fla. Stat. § 790.053(1), or arrests and prosecutions attendant thereto. Please limit the time frame in this interrogatory to the previous five (5) years.**

**ANSWER:**    Objection. This request is overly broad and unduly burdensome. The State Attorney's Office for the 19th Judicial Circuit of Florida has 137 staff members who receive numerous verbal communications from other enforcement offices and individuals regarding Fla. Stat. § 790.053(1). Additionally, Defendant State Attorney has experienced a significantly higher turnover rate in the last five (5) years. Therefore, it is nearly impossible for Defendant to identify all communications for the last five (5) years. Accordingly, Defendants object to this request on the basis that this interrogatory is vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Moreover, it is well established that "State Attorneys are quasi-judicial officers." The Office of the State Attorney, Fourth Judicial Circuit of Florida v. Parrotino, 628 So.2d 1097, 1099 (Fla., 1993). Further, "the Florida Supreme Court has held that the doctrine of judicial immunity embraces persons who exercise a judicial or quasi-judicial function." Dep't of

Highway Safety v. Marks, 898 So.2d 1063, 1065 (Fla. 5th DCA 2005). Additionally, state prosecutors are entitled to absolute immunity when they perform their quasi-judicial function of initiating prosecution and presenting the State's case. Lloyd v. Hines, 474 So.2d 376 (Fla. 1st DCA 1985). The reason for this is that a prosecutor's duty is essential to the proper functioning of the criminal justice system and limiting liability promotes the vigorous and fearless performance of the prosecutor's duty. Imbler v. Pachtman, 424 U.S. at 427-28 (1976). Likewise, seeking investigative work product of the State Attorney's Office is improper. Bedami v. State, 112 So. 2d 284 (Fla. 2d DCA 1959). In Eagan v. DeManio, 294 So. 2d 639 (Fla. 1974), the court quashed a subpoena duces tecum to the State Attorney and his assistant state attorney to appear for hearing and produce their files, saying that: "[s]ubjecting prosecutors to this type of discovery of their investigations would require disclosure of their work product and seriously impede criminal prosecutions." The United States Supreme Court has long protected an attorney's preparatory work product. Hickman v. Taylor, 329 U.S. 495 (1947). See also U.S. v. Nobles, 422 U.S. 225, 238 (1975) (work product applies to criminal as well as civil litigation). Decisions to prosecute fall in the realm of work product, and prosecutors are not required to explain decisions to prosecute. See McClesky v. Kemp, 481 U.S. 279 (1987); Wayte v. U.S., 470 U.S. 598 (1985); Bordenkircher v. Haves, 434 U.S. 357 (1978). Accordingly, Defendants State Attorney object to this request on the basis that this interrogatory seeks the investigative work product of Defendants State Attorney.

**8.     Please describe in detail all documents, things, persons, or other data sources you reviewed while answering the request for admission and/or the first set of interrogatories.**

**ANSWER:**   Defendant Thomas Bakkedahl reviewed all documents provided in Defendant's Response to Plaintiffs' First Set of Requests for Production of Documents to Defendant Thomas Bakkedahl and the State Attorney's Office for the 19th Judicial Circuit of Florida.

**9.    Please describe all communications and policies/practices generally, for communicating with any persons who contact the Florida State Attorney's Office to inquire about carrying a firearm on or about their person, or about any other person openly carrying a firearm on or about their person.**

**ANSWER:**   The general policy/practice in communicating with persons who contact the Florida State Attorney's Office to inquire about carrying a firearm on or about their person, or about any other person openly carrying a firearm on or about their person is to avoid providing any legal advice regarding individual rights or interpretating Fla. Stat. § 790.053(1) under any hypothetical set of circumstances. Defendant's office does not offer allowances, guarantees, or validations of any proposed interpretation of Fla. Stat. § 790.053(1) under any circumstance or proposed set of facts.

**10.    Please identify all individuals prosecuted for violations of Fla. Stat. § 790.053(1) for the previous five (5) years, and in your response, please identify the location of arrest, the arresting agency, and if the prosecution of that individual included any other charges (for instance, drug offenses).**

**ANSWER:**

| # | Case No.: | Location of Arrest: | Arresting Agency: | Charges: |
|---|---|---|---|---|
| 1 | 3120MM000312A State of Florida v. Souders, Anthony James | Fort Pierce | Indian River County Sheriff's Office | 1) Open Carrying of Weapon |
| 2 | 3120MM000500A | Vero Beach | Indian River County | 1) Open Carrying of Weapon |

|   |   |   |   |   |
|---|---|---|---|---|
|   | State of Florida v. Freeman, Caleb Everett |   | Sheriff's Office |   |
| 3 | 3120MM001777A State of Florida v. Ingram, Marvin Leroy III | Vero Beach | Indian River County Sheriff's Office | 1) Open Carrying of Weapon |
| 4 | 3120MM001819A State of Florida v. Tolbert, Yvette Monique | Vero Beach | Indian River County Sheriff's Office | 1) Open Carrying of Weapon |
| 5 | 4321MM001753A State of Florida v. Burnopp, Quinten Kelly | Stuart | Stuart Police Department | 1) Open Carrying of Weapon |
| 6 | 4322MM000164A State of Florida v. Metcalf, Darius Jordan | Palm City | Martin County Sheriff's Office | 1) Open Carrying of Weapon; and 2) Driving Under the Influence – Impairment – Blood or Breath Alcohol Level of 0.15 or More – One Prior Conviction |
| 7 | 4322MM001516A State of Florida v. Sturznickel, Maxwell David | Stuart | Stuart Police Department | 1) Driving with License Suspended; and 2) Open Carrying of Weapon |
| 8 | 4720CF000085A State of Florida v. Carter, Dakota James | Okeechobee | Okeechobee County Sheriff's Office | 1) Altering Firearm Serial Number; 2) Aggravated Assault – Intent to Commit Felony; 3) Grand Theft – Firearm; 4) Open Carrying of Weapon; 5) Discharging Firearm From Vehicle; and 6) Sale or Delivery of Firearm with Altered Serial Number |
| 9 | 4720CF000085C State of Florida v. Cannon, Cody Tyler (C) | Okeechobee | Okeechobee County Sheriff's Office | 1) Altering Firearm Serial Number; 2) Aggravated Assault – Intent to Commit Felony; 3) Grand Theft – Firearm; 4) Open Carrying of Weapon; 5) Discharging Firearm From Vehicle; and 6) Sale or Delivery of Firearm with Altered Serial Number |
| 10 | 4720CF000124A | Okeechobee | Okeechobee County | 1) Altering Firearm Serial Number; 2) Aggravated Assault – Intent to Commit |

| | | | | |
|---|---|---|---|---|
| | State of Florida v. Rivera, Anthony Alexander | | Sheriff's Office | Felony; 3) Open Carrying of Weapon; and 4) Discharging Firearm from Vehicle |
| 11 | 4720CF000125A State of Florida v. Cannon, Cody Tyler | Okeechobee | Okeechobee County Sheriff's Office | 1) Altering Firearm Serial Number; 2) Aggravated Assault – Intent to Commit Felony; 3) Open Carrying of Weapon; and 4) Discharging Firearm from Vehicle |
| 12 | 4720CF000128A State of Florida v. Carter, Dakota James | Okeechobee | Okeechobee County Sheriff's Office | 1) Altering Firearm Serial Number; 2) Aggravated Assault; 3) Open Carrying of Weapon; and 4) Discharging Firearm From Vehicle |
| 13 | 4722CF000462A State of Florida v. Mond, Jesse James IV | Okeechobee | Okeechobee County Sheriff's Office | 1) Shooting or Throwing a Deadly Missile; 2) 6 Counts Aggravated Assault – Discharge of Firearm; 3) 3 Counts of Criminal Mischief - $1000 or More; 4) Open Carrying of Weapon; and 5) Discharging Firearm in Public |
| 14 | 4723MM000863A State of Florida v. Loureiro, Diannel Milian | Okeechobee | Okeechobee County Sheriff's Office | 1) Open Carrying of Weapon |
| 15 | 4724MM000173A State of Florida v. Sims, Desmond | Okeechobee | Okeechobee County Sheriff's Office | 1) Open Carrying of Weapon; 2) Resisting Officer Without Violence |
| 16 | 5620CF001293A State of Florida v. Pena, Marquis Enver | St. Lucie County | Florida Highway Patrol | 1) Sale, Manufacture, Delivery, or Possession with Intent to Sell, Manufacture or Deliver Cannabis; 2) Possession of More Than 20 Grams of Cannabis; 3) Open Carrying of Weapon; 4) 3 Counts of Use or Possession of Drug Paraphernalia |
| 17 | 5620CF002752A State of Florida v. Knight, Ernest | St. Lucie County | St. Lucie County Sheriff's Office | 1) Furnishing Firearm to a Minor; and 2) Open Carrying of Weapon |
| 18 | 5621MM001196A State of Florida v. Augustin, Anex | Fort Pierce | Fort Pierce Police Department | 1) Open Carrying of Weapon; 2) Disorderly Conduct; 3) |

| | | | | |
|---|---|---|---|---|
| | | | | Improper Exhibition of Weapon |
| 19 | 5622MM000793A State of Florida v. Snow, Fabian | Port St. Lucie | Port St. Lucie Police Department | 1) Open Carrying of Weapon |
| 20 | 5622MM001912A State of Florida v. Guarneri, John Joseph | Port St. Lucie | Port St. Lucie Police Department | 1) Driving With License Suspended; and 2) Open Carrying of Weapon |
| 21 | 5622WM004390A State of Florida v. Davidson, Danavon George | Port St. Lucie | Port St. Lucie Police Department | 1) Open Carrying of Weapon |
| 22 | 5623CF000680A State of Florida v. Juarez, Pedro Morales | Fort Pierce | Fort Pierce Police Department | 1) 26 Counts of Aggravated Assault – Firearm; 2) Open Carrying of Weapon; and 3) Discharging a Firearm in Public |
| 23 | 5623MM001700A State of Florida v. Legrier, Keyshawn Hameed | Fort Pierce | Fort Pierce Police Department | 1) Open Carrying of Weapon |
| 24 | 5624MM000793A State of Florida v. Hammett, Devin Nicholas | Fort Pierce | Fort Pierce Police Department | 1) Using Firearm While Under the Influence; 2) Open Carrying of Weapon; and 3) Discharging Firearm in Public |
| 25 | 5624MM001098A State of Florida v. Teller, Cody Allen | Fort Pierce | Fort Pierce Police Department | 1) Open Carrying of Weapon |
| 26 | 5624MM001628A State of Florida v. Garland, Robert Steven | St. Lucie County | Florida Highway Patrol | 1) Open Carrying of Weapon |
| 27 | 5624MM001881A State of Florida v. Perez, David Anthony Frank Jr. | Port St. Lucie | St. Lucie County Sheriff's Office | 1) Open Carrying of Weapon; 2) Driving With License Suspended – Prior Conviction for Suspension; 3) Possession of 20 Grams or Less of Cannabis |
| 28 | 5624MM002334A State of Florida v. Meeks, Isaiah Lee | Port St. Lucie | Port St. Lucie Police Department | 1) Open Carrying of Weapon |
| 29 | 5625MM000158A | Port St. Lucie | Port St. Lucie Police Department | 1) Loitering or Prowling; 2) Open Carrying of Weapon; 3) |

|  | State of Florida v. Delorria, Gabrielle Danielle |  |  | Resisting Officer Without Violence |
|---|---|---|---|---|

11.    For individuals listed in Interrogatory No. 10, please describe if those individuals were charged with and successfully prosecuted resulting in either a guilty verdict, guilty plea, plea of nolo contendere, or other deferred adjudication.

**ANSWER:**

| # | Case No.: | Result: | Date: |
|---|---|---|---|
| 1 | 3120MM000312A State of Florida v. Souders, Anthony James | Defendant Entered Plea of Nolo-Contendere | 03/29/2021 |
| 2 | 3120MM000500A State of Florida v. Freeman, Caleb Everett | Nolle Prosequi Deferred Prosecution Program | 09/14/2020 |
| 3 | 3120MM001777A State of Florida v. Ingram, Marvin Leroy III | Nolle Prosequi | 11/24/2020 |
| 4 | 3120MM001819A State of Florida v. Tolbert, Yvette Monique | Nolle Prosequi | 12/02/2020 |
| 5 | 4321MM001753A State of Florida v. Burnopp, Quinten Kelly | Written Plea of Nolo Contendere | 10/26/2021 |
| 6 | 4322MM000164A State of Florida v. Metcalf, Darius Jordan | Written Plea of Nolo Contendere | 05/13/2022 |
| 7 | 4322MM001516A State of Florida v. Sturznickel, Maxwell David | Written Plea of Nolo Contendere | 11/04/2022 |
| 8 | 4720CF000085A State of Florida v. Carter, Dakota James | Plea of Nolo-Contendere | 07/19/2021 |
| 9 | 4720CF000085C State of Florida v. Cannon, Cody Tyler (C) | Plea of Nolo-Contendere | 10/21/2021 |
| 10 | 4720CF000124A State of Florida v. Rivera, Anthony Alexander | Nolle Prosequi | 03/20/2022 |
| 11 | 4720CF000125A | Consolidated into 4720CF000085C | N/A |

| | | State of Florida v. Cannon, Cody Tyler | State of Florida v. Cannon, Cody Tyler (C) | |
|---|---|---|---|---|
| 12 | 4720CF000128A State of Florida v. Carter, Dakota James | Consolidated into 4720CF000085A State of Florida v. Carter, Dakota James | N/A |
| 13 | 4722CF000462A State of Florida v. Mond, Jesse James IV | Pending | Pending |
| 14 | 4723MM000863A State of Florida v. Loureiro, Diannel Milian | Defendant entered Plea of Nolo-Contendere | 08/28/2023 |
| 15 | 4724MM000173A State of Florida v. Sims, Desmond | Defendant entered Plea of Nolo-Contendere | 03/11/2024 |
| 16 | 5620CF001293A State of Florida v. Pena, Marquis Enver | Dropped/Abandoned | 06/23/2020 |
| 17 | 5620CF002752A State of Florida v. Knight, Ernest | Plea of Nolo-Contendere | 02/23/2024 |
| 18 | 5621MM001196A State of Florida v. Augustin, Anex | Nolle Prosequi | 11/08/2021 |
| 19 | 5622MM000793A State of Florida v. Snow, Fabian | Nolle Prosequi | 08/29/2022 |
| 20 | 5622MM001912A State of Florida v. Guarneri, John Joseph | Plea of Nolo-Contendere | 03/12/2024 |
| 21 | 5622WM004390A State of Florida v. Davidson, Danavon George | Dropped/Abandoned | 09/16/2022 |
| 22 | 5623CF000680A State of Florida v. Juarez, Pedro Morales | Pending | Pending |
| 23 | 5623MM001700A State of Florida v. Legrier, Keyshawn Hameed | Nolo-Contendere | 09/21/2023 |
| 24 | 5624MM000793A State of Florida v. Hammett, Devin Nicholas | Nolo-Contendere | 06/24/2024 |
| 25 | 5624MM001098A | Nolle Prosequi | 08/26/2024 |

|  |  |  |  |
|---|---|---|---|
|  | State of Florida v. Teller, Cody Allen |  |  |
| 26 | 5624MM001628A State of Florida v. Garland, Robert Steven | Nolle Prosequi | 02/20/2025 |
| 27 | 5624MM001881A State of Florida v. Perez, David Anthony Frank Jr. | Nolo-Contendere | 08/29/2024 |
| 28 | 5624MM002334A State of Florida v. Meeks, Isaiah Lee | Pending | Pending |
| 29 | 5625MM000158A State of Florida v. Delorria, Gabrielle Danielle | Dropped/Abandoned | 02/20/2025 |

**12.     For individuals listed in Interrogatory No. 10, please describe if those individuals were found not-guilty or otherwise had a charge of Fla. Stat. § 790.053(1) for the open carry of a firearm dismissed and explain why they were dismissed.**

**ANSWER:**

| # | Case No.: | Result: | Date: | Reason for Dismissal: |
|---|---|---|---|---|
| 1 | 3120MM000312A State of Florida v. Souders, Anthony James | Defendant Entered Plea of Nolo-Contendere | 03/29/2021 | N/A |
| 2 | 3120MM000500A State of Florida v. Freeman, Caleb Everett | Nolle Prosequi | 09/14/2020 | Deferred Prosecution Program |
| 3 | 3120MM001777A State of Florida v. Ingram, Marvin Leroy III | Nolle Prosequi | 11/24/2020 | Objection on the basis of preparatory work product. The United States Supreme Court has long protected an attorney's preparatory work product. Hickman v. Taylor, 329 U.S. 495 (1947).  See also U.S. v. Nobles, 422 U.S. 225, 238 (1975) (work product applies to criminal as well as civil litigation). Decisions to prosecute fall in the realm of work product, and prosecutors |

| | | | | |
|---|---|---|---|---|
| | | | | are not required to explain decisions to prosecute. See McClesky v. Kemp, 481 U.S. 279 (1987); Wayte v. U.S., 470 U.S. 598 (1985); Bordenkircher v. Hayes, 434 U.S. 357 (1978). |
| 4 | 3120MM001819A State of Florida v. Tolbert, Yvette Monique | Nolle Prosequi | 12/02/2020 | Objection on the basis of preparatory work product. The United States Supreme Court has long protected an attorney's preparatory work product. Hickman v. Taylor, 329 U.S. 495 (1947).  See also U.S. v. Nobles, 422 U.S. 225, 238 (1975) (work product applies to criminal as well as civil litigation). Decisions to prosecute fall in the realm of work product, and prosecutors are not required to explain decisions to prosecute. See McClesky v. Kemp, 481 U.S. 279 (1987); Wayte v. U.S., 470 U.S. 598 (1985); Bordenkircher v. Hayes, 434 U.S. 357 (1978). |
| 5 | 4321MM001753A State of Florida v. Burnopp, Quinten Kelly | Written Plea of Nolo Contendere | 10/26/2021 | N/A |
| 6 | 4322MM000164A State of Florida v. Metcalf, Darius Jordan | Written Plea of Nolo Contendere | 05/13/2022 | N/A |
| 7 | 4322MM001516A State of Florida v. Sturznickel, Maxwell David | Written Plea of Nolo Contendere | 11/04/2022 | N/A |
| 8 | 4720CF000085A State of Florida v. Carter, Dakota James | Plea of Nolo-Contendere | 07/19/2021 | N/A |
| 9 | 4720CF000085C State of Florida v. Cannon, Cody Tyler (C) | Plea of Nolo-Contendere | 10/21/2021 | N/A |

| 10 | 4720CF000124A State of Florida v. Rivera, Anthony Alexander | Nolle Prosequi | 03/30/2022 | Objection on the basis of preparatory work product. The United States Supreme Court has long protected an attorney's preparatory work product. <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).  See also <u>U.S. v. Nobles</u>, 422 U.S. 225, 238 (1975) (work product applies to criminal as well as civil litigation). Decisions to prosecute fall in the realm of work product, and prosecutors are not required to explain decisions to prosecute. See <u>McClesky v. Kemp</u>, 481 U.S. 279 (1987); <u>Wayte v. U.S.</u>, 470 U.S. 598 (1985); <u>Bordenkircher v. Hayes</u>, 434 U.S. 357 (1978). |
| 11 | 4720CF000125A State of Florida v. Cannon, Cody Tyler | Consolidated into 4720CF000085C State of Florida v. Cannon, Cody Tyler (C) | N/A | N/A |
| 12 | 4720CF000128A State of Florida v. Carter, Dakota James | Consolidated into 4720CF000085A State of Florida v. Carter, Dakota James | N/A | N/A |
| 13 | 4722CF000462A State of Florida v. Mond, Jesse James IV | Pending | Pending | N/A |
| 14 | 4723MM000863A State of Florida v. Loureiro, Diannel Milian | Defendant entered Plea of Nolo-Contendere | 08/28/2023 | N/A |
| 15 | 4724MM000173A State of Florida v. Sims, Desmond | Defendant entered Plea of Nolo-Contendere | 03/11/2024 | N/A |
| 16 | 5620CF001293A State of Florida v. Pena, Marquis Enver | Dropped/Abandoned | 06/23/2020 | Objection on the basis of preparatory work product. The United States Supreme Court has long protected an attorney's preparatory work product. <u>Hickman v. Taylor</u>, 329 U.S. |

| | | | | 495 (1947).  See also <u>U.S. v. Nobles</u>, 422 U.S. 225, 238 (1975) (work product applies to criminal as well as civil litigation). Decisions to prosecute fall in the realm of work product, and prosecutors are not required to explain decisions to prosecute. See <u>McClesky v. Kemp</u>, 481 U.S. 279 (1987); <u>Wayte v. U.S.,</u> 470 U.S. 598 (1985); <u>Bordenkircher v. Hayes</u>, 434 U.S. 357 (1978). |
|---|---|---|---|---|
| 17 | 5620CF002752A State of Florida v. Knight, Ernest | Plea of Nolo-Contendere | 02/23/2024 | N/A |
| 18 | 5621MM001196A State of Florida v. Augustin, Anex | Nolle Prosequi | 11/08/2021 | Deferred Prosecution Program |
| 19 | 5622MM000793A State of Florida v. Snow, Fabian | Nolle Prosequi | 08/29/2022 | Objection on the basis of preparatory work product. The United States Supreme Court has long protected an attorney's preparatory work product. <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).  See also <u>U.S. v. Nobles</u>, 422 U.S. 225, 238 (1975) (work product applies to criminal as well as civil litigation). Decisions to prosecute fall in the realm of work product, and prosecutors are not required to explain decisions to prosecute. See <u>McClesky v. Kemp</u>, 481 U.S. 279 (1987); <u>Wayte v. U.S.,</u> 470 U.S. 598 (1985); <u>Bordenkircher v. Hayes</u>, 434 U.S. 357 (1978). |
| 20 | 5622MM001912A State of Florida v. Guarneri, John Joseph | Plea of Nolo-Contendere | 03/12/2024 | N/A |
| 21 | 5622WM004390A State of Florida v. Davidson, Danavon George | Dropped/Abandoned | 09/16/2022 | Objection on the basis of preparatory work product. The United States Supreme Court has long protected an attorney's |

| | | | | |
|---|---|---|---|---|
| | | | | preparatory work product. <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).  See also <u>U.S. v. Nobles</u>, 422 U.S. 225, 238 (1975) (work product applies to criminal as well as civil litigation). Decisions to prosecute fall in the realm of work product, and prosecutors are not required to explain decisions to prosecute. See <u>McClesky v. Kemp</u>, 481 U.S. 279 (1987); <u>Wayte v. U.S.</u>, 470 U.S. 598 (1985); <u>Bordenkircher v. Haves</u>, 434 U.S. 357 (1978). |
| 22 | 5623CF000680A State of Florida v. Juarez, Pedro Morales | Pending | Pending | N/A |
| 23 | 5623MM001700A State of Florida v. Legrier, Keyshawn Hameed | Nolo-Contendere | 09/21/2023 | N/A |
| 24 | 5624MM000793A State of Florida v. Hammett, Devin Nicholas | Nolo-Contendere | 06/24/2024 | N/A |
| 25 | 5624MM001098A State of Florida v. Teller, Cody Allen | Nolle Prosequi | 08/26/2024 | Deferred Prosecution Program |
| 26 | 5624MM001628A State of Florida v. Garland, Robert Steven | Nolle Prosequi | 02/20/2025 | Deferred Prosecution Program |
| 27 | 5624MM001881A State of Florida v. Perez, David Anthony Frank Jr. | Nolo-Contendere | 08/29/2024 | N/A |
| 28 | 5624MM002334A State of Florida v. Meeks, Isaiah Lee | Pending | Pending | N/A |
| 29 | 5625MM000158A State of Florida v. Deloria, Gabrielle Danielle | Dropped/Abandoned | 02/20/2025 | Objection on the basis of preparatory work product. The United States Supreme Court has long protected an attorney's preparatory work product. |

| | | | | Hickman v. Taylor, 329 U.S. 495 (1947).  See also U.S. v. Nobles, 422 U.S. 225, 238 (1975) (work product applies to criminal as well as civil litigation). Decisions to prosecute fall in the realm of work product, and prosecutors are not required to explain decisions to prosecute. See McClesky v. Kemp, 481 U.S. 279 (1987); Wayte v. U.S., 470 U.S. 598 (1985); Bordenkircher v. Hayes, 434 U.S. 357 (1978). |
|---|---|---|---|---|

13.     Please describe how much time an individual is allowed to "briefly and openly display the firearm to the ordinary sight of another person" or other standards you employ to determine when an individual can be prosecuted for openly carrying a firearm pursuant to Fla. Stat. § 790.053(1).

**ANSWER:**     Fla. Stat. § 790.053(1) does not provide a definitive timeframe so it is at the discretion of the arresting agency/officer under the circumstances. Individuals are reviewed on a case-by-case bases in consideration of all of the circumstances in determining whether or not the State will pursue a charge for openly carrying a firearm under Fla. Stat. § 790.053(1).

14.     Please state how many prosecutions for violations of Fla. Stat. § 790.053(1) for the previous five (5) years you or your office has prosecuted.

**ANSWER:**     27 (2 Cases were consolidated into another identified case) in the last five (5) years.

**VERIFICATION**

I have read the foregoing answers to Plaintiffs' First Set of Interrogatories to Defendants Thomas R. Bakkedahl and the State Attorney's Office for the 19th Judicial Circuit of Florida, and under oath do swear that they are true and correct.

Sign: _____

THOMAS BAKKEDAHL

STATE OF FLORIDA_____)
                    ) SS.:
COUNTY OF St. Lucie_____)

BEFORE ME, the undersigned as authority, personally appeared Thomas R. Bakkedahl who, after being duly sworn by me, deposes and says that he has read the foregoing Answers to Plaintiffs' First Set of Interrogatories to Defendants Thomas R. Bakkedahl and the State Attorney's Office for the 19th Judicial Circuit of Florida and that the same are true and correct

WITNESS my hand and official seal in the County and State last aforesaid, this ___24th___ day of ___March___, 2025.

_____
Notary Public
Print name: _Helen M Cone_

My commission expires:



HELEN M. CONE
Commission # HH 374815
Expires April 8, 2027

**<ins>CERTIFICATE OF SERVICE</ins>**

I HEREBY CERTIFY that on this 24th day of March, 2025, a copy of the foregoing DEFENDANTS THOMAS R. BAKKEDAHL AND THE STATE ATTORNEY'S OFFICE FOR THE 19TH JUDICIAL CIRCUIT OF FLORIDA'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS BAKKEDAHL AND STATE ATTORNEY'S OFFICE FOR THE 19TH JUDICIAL CIRCUIT OF FLORIDA has been electronically served upon the following recipients via electronic mail:

James D Phillips, Jr.
509 W. Colonial Drive
Orlando, FL 32804
3213326864
(321) 422-3457 (fax)
jphillips@thefirearmfirm.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
PO Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

Andrew William Jolly
Purdy, Jolly, Giuffreda & Barranco, P.A.
2455 E. Sunrise Blvd. Suite 1216
Ft. Lauderdale, FL 33304
954-336-8592
andrew@purdylaw.com

Richard A. Giuffreda
Purdy Jolly Giuffreda Barranco & Jisa PA
2455 E Sunrise Boulevard
Suite 1216
Fort Lauderdale, FL 33304
954-462-3200
462-3861 (fax)
richard@purdylaw.com

Summer Marie Barranco
Purdy, Jolly, Giuffreda, Barranco & Jisa, P.A.
2455 E. Sunrise Blvd., Suite 1216
Ft. Lauderdale, FL 33304
954-462-6200
summer@purdylaw.com

**JACOBS SCHOLZ & WYLER, LLC**

*/s/ Arthur I. Jacobs*
_____
Arthur I. Jacobs, Esq.
Fla. Bar No.: 108249
Richard J. Scholz, Esq.
Fla. Bar No.: 0021261
Douglas A. Wyler, Esq.
Fla. Bar No.: 119979
961687 Gateway Blvd., Suite 201-I
Fernandina Beach, Florida 32034
(904) 261-3693
(904) 261-7879 Fax
Primary: filings@jswflorida.com