IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Civil Action No. 2:24-cv-14250-JEM

GUN OWNERS OF AMERICA, INC., et al.

    Plaintiffs,

v.

SHERIFF RICHARD R. DEL TORO, in his official
capacity as Sheriff of St. Lucie County, et al.,

    Defendants.

_____/

## JOINT MOTION TO BE EXCUSED FROM MANDATORY MEDIATION

COME NOW the Parties, pursuant to Local Rule 7.1 and Local Rule 16.2, and file this, their Joint Motion to be Excused from Mandatory Mediation, and state as follows:

1. Plaintiffs filed their Complaint for Declaratory and Injunctive Relief on August 6, 2024, alleging a single cause of action under 42 U.S.C. § 1983 for violations of their Second and Fourteenth Amendment rights. Compl., ECF #1.

2. Plaintiffs filed their Motion for Summary Judgment on June 3, 2025. ECF #51.

3. Defendants' Opposition to Plaintiffs' Motion for Summary Judgment is currently due on July 8, 2025.

4. The Parties are required to select a mediator in this matter by July 7, 2025. *See* ECF #36, at 5.

5. However, given the nature of Plaintiffs' constitutional challenge to Florida's law, the Parties do not believe that they will be able to successfully mediate this case.

6. As such, the Parties ask this Court to excuse them from the requirement to mediate this case.

## INCORPORATED MEMORANDUM IN SUPPORT OF
## THE JOINT MOTION TO BE EXCUSED FROM MEDIATION

Plaintiffs filed their Complaint for Declaratory and Injunctive Relief on August 6, 2024, alleging a single cause of action under 42 U.S.C. § 1983 for violations of their Second and Fourteenth Amendment rights. Compl., ECF #1. After limited discovery was obtained, Plaintiffs filed their Motion for Summary Judgment on June 3, 2025. ECF #51.

Defendants' Opposition to Plaintiffs' Motion for Summary Judgment is currently due on July 8, 2025. This Court's Scheduling Order requires the Parties to select a mediator by July 7, 2025. *See* ECF #36 at 5.

It is axiomatic that "[d]istrict courts have 'unquestionable' authority to control their own dockets." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). Included in that is the " discretion whether to compel or excuse mediation." *Bernath v. Seavey*, 2017 U.S. Dist. LEXIS 20063, at *6 (M.D. Fla. Feb. 13, 2017) (citing *Abele v. Hernando Cty.*, 161 F. App'x 809, 813 (11th Cir. 2005)).

In this matter, Plaintiffs alleged that Fla. Stat. § 790.053(1), which generally prohibits the open carry of firearms in Florida, violates the Second and Fourteenth Amendments to the United States Constitution, and places Plaintiffs and their members and supporters at risk of detention, arrest, and prosecution should they carry firearms openly in public outside the statute's limited exceptions. Dec. of Luis Valdes, ECF #1-6; Dec. of Richard Hughes, ECF #1-7.

Given the nature of Plaintiffs' challenge to the constitutionality of Florida's ban on the open carry of firearms outside the home, the Parties do not believe that they will be able to successfully mediate this case. For instance, Plaintiffs' Complaint seeks an Order declaring that "Fla. Stat. § 790.053(1)  violates the Second and Fourteenth Amendments to the United States Constitution" along with and Order "[p]reliminarily and permanently" enjoining "Defendants, their officers,

2

agents, servants, employees, and all persons in active concert or participation with them from enforcing Fla. Stat. § 790.053(1)." *See* Complaint, ECF #1 at 39.

Defendants aver that they do not have the authority to agree that a Florida statute is unconstitutional. As such, given that mediation would be fruitless, the Parties ask that the Court excuse them from the requirement to mediate.

A proposed order is attached.

## CONCLUSION

For the reasons stated, this Court should excuse the Parties from mandatory mediation.

Respectfully submitted this 2nd day of July 2025,


**KATZ & PHILLIPS, P.A.**
Attorneys for the Plaintiffs
509 W. Colonial Drive
Orlando, Florida 32804
Tel./Fax: 321.332.6864
Pleadings: pleadings@kplegalteam.com
Email: jphillips@thefirearmfirm.com


_*James D. Phillips*_____
**JAMES D. PHILLIPS, JR., ESQUIRE**
Florida Bar No.: 22846

Stephen D. Stamboulieh*
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
601-852-3440 (T)
stephen@sdslaw.us
Mississippi Bar No. 102784
*Admitted Pro Hac Vice*

Attorneys for Plaintiffs

3

*s/Andrew W. Jolly*

ANDREW W. JOLLY, ESQUIRE
Fla. Bar No. 1032793
PURDY, JOLLY, GIUFFREDA, BARANCO
& JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:(954) 462-3200
e-mail: Andrew@purdylaw.com
           Cecilia@purdylaw.com
Attorney for *Defendant Sheriff and St. Lucie County Sheriff's Office*
Trial Counsel


**JACOBS SCHOLZ & WYLER, LLC**

*/s/ Arthur I. Jacobs*
Arthur I. Jacobs, Esq.
Fla. Bar No.: 108249
Richard J. Scholz, Esq.
Fla. Bar No.: 0021261
Douglas A. Wyler, Esq.
Fla. Bar No.: 119979
961687 Gateway Blvd., Suite 201-I
Fernandina Beach, Florida 32034
(904) 261-3693
(904) 261-7879 Fax
Primary: filings@jswflorida.com
Secondary: Buddy@jswflorida.com
                Taran @jswflorida.com

4

**CERTIFICATE OF SERVICE**

I certify that on July 2, 2025, a copy of the foregoing document or pleading has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to: Arthur Ivan Jacobs, Esquire, Counsel for Defendants Bakkedahl and SAO, 961687 Gateway Boulevard, Suite 201-I, Fernandina Beach, FL 32034; buddy@jswflorida.com; Summer M. Barranco, Esquire, Andrew Jolly, Esq., and Richard A. Giuffreda, Esquire, Counsel for Defendants Sheriff Del Toro and St. Lucie County Sheriff's Office, 2455 E. Sunrise Blvd, Suite 1216, Fort Lauderdale, FL 33304; summer@purdylaw.com, andrew@purdylaw.com, richard@purdylaw.com.

*James D. Phillips*
**JAMES D. PHILLIPS, JR., ESQUIRE**
Florida Bar No.: 22846