**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

CASE NO.  2:24-cv-14250-JEM

GUN OWNERS OF AMERICA, INC.,
GUN OWNERS FOUNDATION, and
RICHARD HUGHES,

       Plaintiffs,

v.

SHERIFF KEITH PEARSON, in his
official capacity as Sheriff of St. Lucie
County, the ST. LUCIE COUNTY
SHERIFF'S OFFICE, THOMAS
BAKKEDAHL, in his official capacity
As the State Attorney for the 19th Judicial
Circuit of Florida, and the STATE
ATTORNEY'S OFFICE for the 19th
Judicial Circuit of Florida,

       Defendants.
_____/

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' STATEMENT OF FACTS**

The Defendants, SHERIFF RICHARD DEL TORO, in his official capacity as the Sheriff

of St. Lucie County Florida, and THOMAS R. BAKKEDAHL in his official capacity as State

attorney for the Nineteenth Judicial Circuit of Florida, and on behalf of the STATE ATTORNEY'S

OFFICE for the 19th Judicial Circuit of Florida, pursuant to Fed. R. Civ. P. 56(a) and Local Rule

56.1, file this their Joint Response to Plaintiffs' Statement of Facts, and would state as follows:

1.    Undisputed but immaterial as to whether Plaintiffs have standing to sue St. Lucie County
    Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the
    law is unconstitutional.

2.    Undisputed but immaterial as to whether Plaintiffs have standing to sue St. Lucie County
    Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the

1

law is unconstitutional. Further, Plaintiffs did not seek class certification pursuant to Rule 23.

3.      Undisputed but immaterial as to whether Plaintiffs have standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional. Further, Plaintiffs did not seek class certification pursuant to Rule 23.

4.      Undisputed that Mr. Leggett was arrested by the Daytona Beach Police Department, who is not a party, but immaterial as to whether Plaintiffs have standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional. Further, Mr. Leggett is not a party to this lawsuit. [ECF 1-6 at ¶'s 17-29].

5.      Undisputed but immaterial as to whether Plaintiffs have standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional. Further, Jack McDuffie is not a party to this lawsuit, resides in Hillsborough County, and the Eleventh Circuit has recently upheld the prohibition of all sales of firearms to persons younger than 21. [ECF 1-6 at ¶ 37; ECF 46].

6.      Undisputed but immaterial as to whether Plaintiffs have standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional. Further, Ms. Notargiacomo is not a party to this lawsuit, and lives in Indian River County and cannot open carry while doing outdoor activities in that county. [ECF 1-6 at ¶ 41].

7.      Undisputed but immaterial as to whether Plaintiffs have standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional. Further, Mr. Valdes is not a party to this lawsuit.

8.      Undisputed that Luis Valdes was arrested by Miami Police Department, who is not a party to this lawsuit, but immaterial as to whether Plaintiffs have standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional. Further, Mr. Valdes is not a party to this lawsuit.

9.      Undisputed that Richard Hughes routinely carries his handgun in public places throughout the state of Florida, including in West Palm Beach where he lives, [ECF 1-7 at ¶], but immaterial as to whether Plaintiff has standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

10.  Undisputed but immaterial as to whether Plaintiff has standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

11.  Undisputed but immaterial as to whether Plaintiff has standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

12.  Undisputed but immaterial as to whether Plaintiff has standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

13.  Undisputed but immaterial as to whether Plaintiff has standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

14.  Undisputed but immaterial as to whether Plaintiff has standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

15.  Disputed. Plaintiff can carry a handgun openly at gun shows so long as keeps the gun unloaded and secured with a plastic tie. (ECF 25-1).

16.  Undisputed that Mr. Hughes is aware of this Facebook post which generally addressed Florida's new gun laws passed in 2023 [ECF 32-1 at pgs. 4-5], but immaterial as to whether Plaintiff has standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

17.  Undisputed but immaterial as to whether Plaintiff has standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

18.  Undisputed but immaterial as to whether Plaintiffs have standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

19.  Undisputed but immaterial as to whether Plaintiffs have standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

20.  Undisputed but immaterial as to whether Plaintiffs have standing to sue St. Lucie County Sheriff's Office or the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

21.  Undisputed but immaterial as to whether Plaintiffs have standing to sue St. Lucie County Sheriff's Office of the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

22.  Undisputed but immaterial as to whether Plaintiffs have standing to sue St. Lucie County Sheriff's Office of the State Attorney for the Nineteenth Judicial Circuit, or whether the law is unconstitutional.

## Defendants' Additional Material Facts

23.  Other law enforcement agencies, including the Sheriff of Palm Beach County where Plaintiff Hughes resides, posted a similar if not identical statement addressing Florida's gun laws and concerns about open carrying, and they have not been named as parties to this lawsuit. [ECF 32-1].

24.  On November 9, 2020,  an individual left a residence that was being surveilled, and was seen leaving with another individual who was a juvenile and known gang member. (See Exhibit A to Defendants' Response to Plaintiffs' Statement of Facts – records of arrests at pgs. 1-2).

25.  While being surveilled, the individual was seen reaching under the passenger seat and retrieving a full-size black handgun, which he tucked under his waistband. Id.

26.  That individual was arrested for violation of open carry as well as furnishing a firearm to a minor. Id.

27.  On December 19, 2022, an individual was pulled over pursuant to a lawful traffic stop, and when the officer who initiated the stop approached the vehicle, he noticed that the firearm was not only unholstered but openly sitting on the seat. Id. at pg. 4.

28.  That person was also found to be in possession of marijuana, and was arrested and charged with violation of concealed carry law, open carry law, carrying prohibited weapon openly, possession of marijuana over 20 grams. Id at pgs. 4-5.

29.  On July 23, 2024, a driver was pulled over pursuant to a valid traffic stop, and did not have his license. Id. at pg. 7

30.     The deputy who initiated the traffic stop also observed a semi-automatic handgun sitting on the floorboard of the driver's seat, between the driver's feet. Id. at pg. 8

31.     This individual was also found to be in possession of marijuana and was arrested for openly carrying and for possession of marijuana not more than 20 grams. Id.

32.     Out of the twenty-seven cases prosecuted by the State Attorney's Office for the 19th Judicial Circuit nine were nolle-prossed and/or abandoned, and two were consolidated into another identified case involving other charges. [ECF 50-3].

33.     Out of those twenty-seven cases, only twelve solely rested on a violation of § 790.053(1) with all others having one or more additional charges, some of which included violent actions or drug charges. Of those twelve cases solely resting on a violation of § 790.053(1), seven were nolle-prossed/abandoned, leaving only five cases in the last five (5) years that were prosecuted fully for violations of § 790.053(1). Id.

34.     A study shows that the following laws, ordinances, and regulations were in existence up to and including the early 20th Century:

- New Jersey: The Grants, concessions, and Original Constitutions of the Province of New Jersey, 289 (1758). An Act Against Wearing Swords, &c.,(1686): (banned) "several Persons [from] wearing Swords, Daggers, Pistols, Dirks, Stilladoes, Skeines, or any other unusual and unlawful Weapons(in public because it induced)great Fear and Quarrels (See Exhibit B - Mark Anthony Frassetto, Firearms and Weapons Legislation Up To The Early Twentieth Century (Jan. 15, 2013) at pg. 19).
- Virginia: A Collection of all Such Acts of the General Assembly of Virginia, of a Public and Permanent Nature, as are Now in Force, 33 (Augustine Davis 1794): confirming that no person may go or ride armed by night or day, in fairs, markets, or elsewhere, or in the presence of the Court's Justices or other ministers of justice. Id. at pg. 19
- Tennessee: Tenn. Pub. Acts of 1879, chap. 186: (Carrying) publically or privately, any . . . belt or pocket pistol, revolver, or any kind of pistol, except the army or navy pistol, usually used in warfare, which shall be carried openly in hand. Id. at pg. 31
- Kansas: General Statutes of 1901, § 1003: The council may prohibit and punish the carrying of fire arms or other deadly weapons, concealed or otherwise, and may arrest and imprison, fine or set at work all vagrants and persons found in said city without visible means of support, or some legitimate business. Id. at pg. 8

- Georgia: Act of Dec. 25, 1837, 1837 Ga. Laws 90. § 1: it shall not be lawful for any merchant, or vender of wares or merchandize in this State, or any other person or persons whatsoever, to sell, or offer to sell, or to keep or have about their person or elsewhere, any of the hereinafter described weapons, to wit: Bowie, or any other kind of knives, manufactured and sold for the purpose of wearing, or carrying the same as arms of offense or defense, pistols, dirks, sword canes, spears etc., shall also be contemplated in this act, save such pistols as are known and used, as horseman's pistols, etc. Id. at pg. 7

- Wisconsin: The Revised Statutes of the State of Wisconsin: Passed at the Annual Session of the Legislature Commencing January 13, 1858, and Approved May 17, 1858 at 985 (W.B. Keen, Chicago 1858): If any person shall go armed with a dirk, dagger, sword, pistol or pistols, or other offensive and dangerous weapon, without reasonable cause to fear an assault or other injury or violence to his person . . .… Id. at pg. 24.

- 1889 Ariz. Laws, no. 13, § 1 (prohibiting the carrying of a pistol "within any settlement, town, village, or city"); 1869 N.M. Laws 312, ch. 32 § 1 ("It shall be unlawful. . .to carry deadly weapons. . .within any of the settlements of this Territory") Id. at pg. 25

- 1876 Wyo. Laws 352, ch. 52, § 1 (prohibiting a "resident of any city, town or village" from carrying a firearm "within the limits of any city, town or village") Id. at pg. 33

- 1876 Wyo. Laws 352, ch. 52, § 1 (prohibiting a "resident of any city, town or village" from carrying a firearm "within the limits of any city, town or village")

- Acts of the General Assembly of the State of Georgia Passed in Milledeville at an Annual Session in November and December, 1837: An Act to guard and protect the citizens of this State against the unwarrantable and too prevalent use of deadly weapons," assented to on the 25th December, 1837 § 1 enacts: "that it shall not be lawful for any merchant or vender of wares or merchandize in this State, or any other person or persons whatever, to sell, or to offer to sell, or to keep or to have about their persons, or elsewhere, any of the herein-after-described weapons, to wit: Bowie or any other kinds of knives, manufactured and sold for the purpose of wearing or carrying the same as arms of offence or defense; pistols, dirks, sword-canes, spears, &c., shall also be contemplated in this act, save such pistols as are known and used as horseman's pistols." Id. at pg. 21

- District Of Columbia: The Revised Code of the District of Columbia, Prepared Under the Authority of the Act of Congress, 570 (A.O.P. Nicholson, Washington 1857): If any person shall go armed with a dirk, dagger, sword, pistol, or other

offensive and dangerous weapon, without reasonable cause to fear an assault or other injury or violence to his person . . . . Id. at pg. 21

- Massachusetts: Boston Gazette, January 16, 1809, at 2 (Ordinance in Gloucester, MA): To suppress all disturbers of the peace, and notice every abuse offered by any individual, or combination of men, patrolling our streets and wharves, having offensive weapons, either by night or day, to the annoyance and terror of the inhabitants; and have them apprehended and punished at the expense of the town . . . (edited for clarity). Id. at pg. 22

- Oregon: The Statutes of Oregon Enacted and Continued in Force by the Legislative Assembly, as The Session Commencing 5th December, 1853, 220 (Asahel Bush, Oregon 1854): If any persons shall go armed with dirk, dagger, sword, pistol, or other offensive and dangerous weapon, without reasonable cause to fear an assault, injury, or other violence to his person, or to his family or property, he may, on complaint of any other person, having reasonable cause to fear an injury, or breach of the peace, be required to find sureties for keeping the peace for a term not exceeding six months, with the right of appealing as before provided. Id. at pg. 23

- Tennessee: 1821 Tenn. Pub. Act, chap. 13, at 16. Passed at the First Session of the Twenty Second General Assembly of the State of Tennessee 1837-38: Each and every person so degrading himself, by carrying a dirk, sword cane, French knife, Spanish stiletto, belt or pocket pistols . . . Shall pay a fine. Id. at pg. 24

- Virginia: 1856-57 Va. Acts, chap. 140, pt. 554, as codified in Virginia Code, tit. 54. (1873): If a person go armed with a deadly or dangerous weapon, without reasonable cause to fear violence to his person, family or property, he may be required to give a recognizance, with the right of appeal, as before provided , and like proceedings shall be had on such appeal. Id. at pg. 24

35.   For towns in the wild west era of the 19th century, such as Tombstone, Deadwood, Doge City, and Abilene, restrictive laws such as those which prohibited the open carrying of firearms were quite common. (See Exhibit C – Matt Jancer, <u>Gun Control is as Old as the Old West</u>, Smithsonian Magazine, (February 5, 2018)).

Respectfully Submitted,

**JACOBS SCHOLZ & WYLER, LLC**

<u>/s/ Arthur I. Jacobs</u>
Arthur I. Jacobs, Esq
Fla. Bar No. 108249

7

961687 Gateway Blvd., Suite 201-I
Fernandina Beach, FL  32034
Telephone: (904) 261-3693
Facsimile: (904) 261-7879
Primary:  filings@jswflorida.com
Secondary: Buddy@jswflorida.com

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed with the

Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

**STEPHEN D. STAMBOULIEH, ESQUIRE,** Co-Counsel for Plaintiffs, P.O. Box 428, Olive

Branch, MS 38654  [stephen@sdslaw.us]; **JAMES D. PHILLIPS, JR., ESQUIRE**, Co-Counsel

for Plaintiffs, 509 W. Colonial Drive, Orlando, FL 32804 [jphillips@thefirearmfirm.com]; and

**ARTHUR IVAN JACOBS, ESQUIRE,** Counsel for Defendants Bakkedahl and SAO, 961687

Gateway Boulevard, Suite 201-I, Fernandina Beach, FL 32034 [buddy@jswflorida.com] this

July 8, 2025.


   *s/Andrew W. Jolly*
ANDREW W. JOLLY, ESQUIRE
Fla. Bar No. 1032793
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:(954) 462-3200
e-mail: Andrew@purdylaw.com
            Cecilia@purdylaw.com
Attorney for *Defendant Sheriff and St. Lucie County Sheriff's Office*
Trial Counsel