**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
Civil Action No. 2:24-cv-14250-JEM

GUN OWNERS OF AMERICA, INC., et al.,

     Plaintiffs,

v.

SHERIFF RICHARD R. DEL TORO, in his official
capacity as Sheriff of St. Lucie County, et al.,

     Defendants.

_____

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

     COME NOW Plaintiffs Gun Owners of America, Inc. ("GOA"), Gun Owners Foundation ("GOF"), and Richard Hughes (collectively "Plaintiffs"), pursuant to Local Rule 56.1, and file this, their Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment, and state as follows:

**OPPONENTS' STATEMENT OF MATERIAL FACTS**

1.     Undisputed.

2.     Undisputed.

3.     Undisputed that Plaintiff Hughes's resides in Palm Beach County. Undisputed that Plaintiff Hughes does not reside in St. Lucie County. Undisputed that Plaintiff Hughes is the only individual who is named as a plaintiff. Disputed that Plaintiff Hughes is "the only named Plaintiff" as Gun Owners of America and Gun Owners Foundation are both named in the Caption (ECF #1), both represent their members and supporters (ECF #1-6 at ¶¶4, 6, 11), and GOA identified several individual members. ECF #1-6 at ¶¶ 17, 36, 40,43. Disputed that Defendants' characterizations

are material to the statute's constitutionality or Plaintiffs' standing to challenge it.  Plaintiff Hughes "routinely" visits St. Lucie County "for shopping, events, restaurants, gun shows, etc."  ECF #1-7 ¶15.  During these visits, he desires to openly carry a firearm.  ECF #1-7 ¶¶16-21.

4.       Disputed that Plaintiff Hughes "has chosen to sue St. Lucie County Sheriff's Office based in part on a Facebook bulletin...."  Also disputed as to Defendants' characterization of that "bulletin," which speaks for itself.  Plaintiff Hughes has sued Defendants because they enforce the challenged statute in locations that Hughes frequents in St. Lucie County and where he wishes to openly carry a firearm.  ECF #1-7 ¶¶16-21.  Ultimately, this dispute is immaterial to the statute's constitutionality or Plaintiff Hughes's standing to challenge it.

5.       Undisputed.

6.       Undisputed.

7.       Disputed that Defendants' Facebook post is what caused Plaintiff Hughes to "fe[el] the need to file the instant action against SLCSO and the SAO for the 19th Judicial Circuit."  Plaintiff Hughes has sued Defendants because they enforce the challenged statute in locations that Hughes frequents in St. Lucie County and where he wishes to openly carry a firearm.  ECF #1-7 ¶¶4, 15-21.  Ultimately, this dispute is immaterial to the statute's constitutionality or Plaintiff Hughes's standing to challenge it.

8.       Disputed that Plaintiff Hughes "did [not] (sic) feel threatened enough" to sue officials within his county of residence.  Undisputed that Plaintiffs did not sue the Palm Beach County Sheriff's Office or the State Attorney's Office for the 15th Judicial Circuit.  Plaintiff Hughes sued these Defendants because they enforce the challenged statute in locations that Hughes frequents in St. Lucie County and where he wishes to openly carry a firearm.  ECF #1-7 ¶¶4, 15-21.  Ultimately,

this dispute is immaterial to the statute's constitutionality or Plaintiff Hughes's standing to challenge it.

9.      [Defendants' Statement of Material Facts omits fact number 9 and skips directly to fact number 10.]

10.     Disputed that Plaintiff Hughes "provides no detail as to what specific places" he wishes to openly carry a firearm in St. Lucie County.  For example, he identified the "Great American Port St. Lucie Gun Show" and the "Port St. Lucie Fort Pierce Service Plaza."  ECF #1-7 ¶¶19-20.

11.     Undisputed.

12.     [Defendants' Statement of Material Facts omits fact number 12 and skips directly to fact number 13.]

13.     Disputed to the extent Defendants suggest that the availability of an alternative "small compact gun suitable for concealed carrying" is material to the statute's constitutionality or Plaintiff Hughes's standing to challenge it.  It is "no answer to say … that it is permissible to ban" the open carry of large firearms "so long as the possession of other firearms … is allowed." *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008).  Consideration of the availability of alternative means of exercising an enumerated right is "judge-empowering 'interest-balancing'" that the Supreme Court has prohibited under the Second Amendment.  *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 22 (2022).  The "traditions of the American people … demand[] our unqualified deference."  *Id.* at 26.  Also disputed to the extent that Defendant characterizes Hughes' desire to openly carry as only being to fend off wild animals.  Plaintiff Hughes desires to carry for self-defense purposes.  ECF #1-7 at ¶¶5, 22

14.     Undisputed that the U.S. Fish and Wildlife Service has made claims about the effectiveness of bear spray.  Undisputed that Plaintiff Hughes could purchase and carry bear spray where allowed

by law. Disputed that the purported usefulness of bear spray is material to the statute's constitutionality or Plaintiff Hughes's standing to challenge it. Consideration of alternative means of exercising Second Amendment rights is irrelevant to the Court's textual and historical test. *Heller*, 554 U.S. at 629; *Bruen*, 597 U.S. at 22, 26.

15. Undisputed that Oxbow Park is located and that Port St. Lucie Police Department is one of the agencies which polices that area. Undisputed as to what the Oxbox Park's website states. Disputed that the Port St. Lucie Police Department's patrol of Oxbow Park is material to the statute's constitutionality or Plaintiff Hughes's standing to challenge it. If Hughes is arrested there, at least some Defendants would be involved in his prosecution. Defendant Bakkedahl and his State Attorney's Office have charged and prosecuted persons within St. Lucie County for violations of the challenged statute. ECF #50-1 Requests for Admission ##9-10; ECF #50-3 Interrogatories ##10-14.

16. Undisputed that Plaintiff Hughes regularly attends a gun show in Port St. Lucie. Disputed that whether or not Plaintiff Hughes could openly carry a "loaded" weapon at the Great American Port St. Lucie Gun Show is material to the statute's constitutionality or Plaintiff Hughes's standing to challenge it. The statute proscribes open carry irrespective of whether a firearm is loaded. But for the challenged statute, Plaintiff Hughes would be able to carry unloaded firearms openly, as he desires. ECF #1-7 ¶19. Disputed that Plaintiff Hughes wishes to openly carry a firearm and exercise his constitutional rights "for aesthetics or as part of a fashion statement." ECF #1-7 ¶19.

17. Undisputed that the gun show occurs in Fort Pierce. Plaintiffs lack knowledge as to all the specific law enforcement entities who police it. Disputed that who patrols the gun show is material to the statute's constitutionality or Plaintiff Hughes's standing to challenge it. If Hughes is arrested there, at least some Defendants would be involved in his prosecution. Defendant Bakkedahl and

his State Attorney's Office have charged and prosecuted persons arrested in Fort Pierce for violations of the challenged statute.  ECF #50-3 Interrogatories ##10-14.

18.     Undisputed.

19.     Disputed as Plaintiffs lack knowledge to know which law enforcement entity is most "likely" to enforce the statute at issue.  Disputed that who patrols the service plaza is material to the statute's constitutionality or Plaintiff Hughes's standing to challenge it.  If Plaintiff Hughes is arrested there, at least some Defendants would be involved in his prosecution.  Defendant Bakkedahl and his State Attorney's Office have charged and prosecuted persons arrested within St. Lucie County for violations of the challenged statute.  ECF #50-1 Requests for Admission ##9-10; ECF #50-3 Interrogatories ##10-14.

20.     Disputed that a "majority" of Plaintiff Hughes's declarations "amount to a generalized grievance...."  He has described with specificity the places he frequents in St. Lucie County and his desired course of conduct while there.  ECF #1-7 ¶¶4, 15-21.

21.     Undisputed that Plaintiff Hughes is a member of Plaintiff Gun Owners of America.  Undisputed that Plaintiff Hughes is a supporter of Plaintiff Gun Owners Foundation.  Plaintiff GOF asserts representative standing under the Supreme Court's "indicia of membership" test.  ECF #1-6 ¶¶6-15, 44.  Ultimately, this dispute is immaterial to the statute's constitutionality or Plaintiffs' standing to challenge it.

22.     Undisputed that these other individuals are not named individually as plaintiffs.  Disputed that the "other individuals identified in the Complaint are not … parties to this lawsuit…"  Plaintiffs Gun Owners of America, Inc. and Gun Owners Foundation are representing the interests of their members and supporters, including these persons, through representational standing.  ECF #1-6 ¶¶6-15, 44.

23.     Undisputed.

24.     Undisputed that Jak McDuffie is under 21.  Disputed that Jak McDuffie "takes issue with open carry simply because he is under 21."  Despite being a legal adult, McDuffie cannot publicly carry *at all* because he is ineligible to carry concealed until he turns 21, and even after Jak McDuffie turns 21, he is still prohibited from open carrying.  ECF #1-6 ¶¶36-37.

25.     Undisputed.

26.     Disputed that Luis Valdes "was arrested...."  He "almost was arrested" while on his motorcycle, and was "let … go" only after explained he was off-duty law enforcement and produced his credentials.  ECF #1-6 ¶43.  Ultimately, this dispute is immaterial to the statute's constitutionality or Plaintiffs' standing to challenge it.

27.     Disputed that the residency of GOA members Richard Hughes, John Leggett, Jak McDuffie, Lamarre Notargiacomo, and Luis Valdes is material to the statute's constitutionality or Plaintiffs' standing to challenge it.  Disputed as to the characterization of the scope of relief sought in the Complaint, which speaks for itself.  ECF #1, Prayer for Relief at 39, a. & b.

28.     Undisputed.

29.     Undisputed that Defendants' "study" makes certain claims about the existence of certain historical sources.  Otherwise disputed, as Defendants failed to provide original sources/evidence for these purported analogues and it is not Plaintiffs' burden to determine whether the claimed analogues referenced in Defendants' study are legitimate or not.  Further disputed that these historical restrictions are material to the statute's constitutionality, that they constitute a historical tradition, and refer the Court to Plaintiffs' arguments made in their Opposition to Defendants' Motion for Summary Judgment at 15-18.

30.     Undisputed that Defendants' cited article makes certain claims.  Plaintiffs dispute these claims as they lack knowledge to know whether these claims as true as, beyond the magazine article, Defendants have not produced any evidence.  Disputed that restrictions in "towns in the wild west era of the 19th century" are material to the statute's constitutionality or Plaintiffs' standing to challenge it.  Plaintiffs refer the Court to Plaintiffs' arguments made in their Opposition to Defendants' Motion for Summary Judgment at 18.

31.     Disputed that an excerpt from an 1843 opinion of the North Carolina Supreme Court is material to the statute's constitutionality or Plaintiffs' standing to challenge it.  Plaintiffs refer the Court to Plaintiffs' arguments made in their Opposition to Defendants' Motion for Summary Judgment at 18.

32.     Disputed that an 1879 statement of a South Carolina grand jury is material to the statute's constitutionality or Plaintiffs' standing to challenge it.  Plaintiffs refer the Court to Plaintiffs' arguments made in their Opposition to Defendants' Motion for Summary Judgment at 19.

## ADDITIONAL FACTS

1.     Defendants have never issued "a 'clear disavowal of enforcement'" of the challenged statute.  *HM Fla.-ORL, LLC v. Governor of Fla.*, 137 F.4th 1207, 1218 (11th Cir. 2025). *See also* Defendant Sheriff Keith Pearson's Responses to Plaintiffs' First Set of Requests for Admission, ECF #50-2, Nos. 10, 11 (admitting arresting violators of Fla. Stat. § 790.053(1) and investigating alleged violations of same).

Respectfully submitted this 7th day of August 2025,

 **KATZ &
PHILLIPS, P.A.**
Attorneys for the Plaintiffs
509 W. Colonial Drive
Orlando, Florida 32804
Tel./Fax: 321.332.6864
Pleadings: pleadings@kplegalteam.com
Email: jphillips@thefirearmfirm.com


*James D. Phillips*_____

**JAMES D. PHILLIPS, JR., ESQUIRE**
Florida Bar No.: 22846


Stephen D. Stamboulieh*
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
601-852-3440 (T)
stephen@sdslaw.us
Mississippi Bar No. 102784
*Admitted Pro Hac Vice*


Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 7, 2025, a copy of the foregoing document or pleading has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to: Arthur Ivan Jacobs, Esquire, Counsel for Defendants Bakkedahl and SAO, 961687 Gateway Boulevard, Suite 201-I, Fernandina Beach, FL 32034; buddy@jswflorida.com; Summer M. Barranco, Esquire, Andrew Jolly, Esquire, and Richard A. Giuffreda, Esquire, Counsel for Defendants Sheriff Del Toro and St. Lucie County Sheriff's Office, 2455 E. Sunrise Blvd, Suite 1216, Fort Lauderdale, FL 33304; summer@purdylaw.com, andrew@purdylaw.com, richard@purdylaw.com.


_James D. Phillips_____

**JAMES D. PHILLIPS, JR., ESQUIRE**
Florida Bar No.: 22846