**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
Civil Action No. 2:24-cv-14250-JEM

GUN OWNERS OF AMERICA, INC., et al.

    Plaintiffs,

v.

SHERIFF RICHARD R. DEL TORO, in his official
capacity as Sheriff of St. Lucie County, et al.,

    Defendants.

_____/

## JOINT MOTION TO CONTINUE PRETRIAL AND TRIAL DEADLINES

COME NOW the Parties, pursuant to Local Rule 7.1 and Local Rule 7.6, and file this, their Joint Motion to Continue Pretrial and Trial Deadlines, and state as follows:

1. Plaintiffs filed their Complaint for Declaratory and Injunctive Relief on August 6, 2024, alleging a single cause of action under 42 U.S.C. § 1983 for violations of their Second and Fourteenth Amendment rights. Compl., ECF #1.

2. Plaintiffs filed their Motion for Summary Judgment on June 3, 2025 (ECF #51) and Defendants filed their Motion for Summary Judgment on July 25, 2025. ECF #60.

3. Both Motions are fully briefed and ripe for decision.

4. The Court set various pretrial deadlines, including pretrial motions (due on September 19, 2025), joint pretrial stipulations (due on October 3, 2025), and proposed findings of fact (due on October 27, 2025). ECF #36 at 5-6.

5. This Court also scheduled trial "to commence during the two-week period beginning November 3, 2025" with a "Calendar Call" to be held on October 30, 2025. ECF #36.

1

6. To conserve judicial and party resources, the parties request that the Court stay all pretrial and trial deadlines until this Court issues its opinion on the Parties' Motions for Summary Judgment.

**INCORPORATED MEMORANDUM IN SUPPORT OF
THE JOINT MOTION TO CONTINUE PRETRIAL DEADLINES AND TRIAL**

Plaintiffs filed their Complaint for Declaratory and Injunctive Relief on August 6, 2024, alleging a single cause of action under 42 U.S.C. § 1983 for violations of their Second and Fourteenth Amendment rights. Compl., ECF #1. Plaintiffs filed their Motion for Summary Judgment on June 3, 2025 (ECF #51) and Defendants filed their Motion for Summary Judgment on July 25, 2025. ECF #60. Both Motions for Summary Judgment are fully briefed and ripe for decision.

This Court scheduled trial "to commence during the two-week period beginning November 3, 2025" with a "Calendar Call" to be held on October 30, 2025. ECF #36. Additionally, the Court set various pretrial deadlines, including pretrial motions (due on September 19, 2025), joint pretrial stipulations (due on October 3, 2025), and proposed findings of fact (due on October 27, 2025). ECF #36 at 5-6.

It is axiomatic that "[d]istrict courts have 'unquestionable' authority to control their own dockets." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). This Court's "scheduling order 'may be modified only for good cause and with the judge's consent.' Fed. R. Civ. P. 16(b)(4)." *Ibarra v. Extra Supermarket Corp.*, 2014 U.S. Dist. LEXIS 82347, at *3 (S.D. Fla. June 17, 2014). Local Rule 7.6 states that "[a] continuance of any trial, pretrial conference, or other hearing will be granted only on exceptional circumstances." Local Rule 7.6 further requires "written notice served and filed at the earliest practical date prior to the trial" and "supported by affidavit setting forth a full showing of good cause…"

In this matter, Plaintiffs alleged that Fla. Stat. § 790.053(1), which generally prohibits the open carry of firearms in Florida, violates the Second and Fourteenth Amendments to the United States Constitution, and places Plaintiffs and their members and supporters at risk of detention, arrest, and prosecution should they carry firearms openly in public outside the statute's limited exceptions.  Dec. of Luis Valdes, ECF #1-6; Dec. of Richard Hughes, ECF #1-7.

After discovery, the Plaintiffs and the Defendants have filed cross-motions for summary judgment.  ECF ##51, 60.  Plaintiffs' Motion for Summary Judgment was filed on June 3, 2025, and briefing was completed on Plaintiffs' Motion on July 15, 2025.  Defendants' Motion for Summary Judgment was filed on July 25, 2025, and briefing was completed on Defendants' Motion on August 14, 2025.

Under the current pretrial and trial schedule, the parties will begin to work on pretrial motions (due on September 19, 2025) and confer as to what can be stipulated, if anything, to file their joint pretrial stipulations by October 3, 2025.  But, with dispositive cross-motions pending before this Court, the time associated with conferring and drafting various pretrial requirements may waste party resources if the Court were to grant either party's motion for summary judgment.  Additionally, one of Plaintiffs' attorneys is out of state, and for calendar call, scheduled for October 30, 2025, that attorney will incur additional expense in traveling to Miami for Court.  *See* Exhibit 1, Declaration of Stephen D. Stamboulieh.

Continuing the pretrial deadlines and trial date pending the Court's resolution of the parties' cross-motions could conserve judicial and party resources. In other words, if the Court were to grant either motion, pretrial filings, calendar call attendance, or trial may become unnecessary, potentially resolving the case. *See CRST Expedited, Inc. v. Swift Transp. Co. of Ariz., LLC*, 2018 U.S. Dist. LEXIS 139447, at *38 (N.D. Iowa Aug. 17, 2018) (explaining that "the parties could

3

incur substantial expense in preparation for trial, only to have the case decided on a motion for summary judgment. The Court therefore finds that the trial date must be continued.").

No party will be prejudiced by the requested continuance, as this is a joint motion and all parties have filed cross-motions for summary judgment.

A proposed order is attached.

## CONCLUSION

For the reasons stated, the parties request that the Court continue the remaining deadlines in this matter pending the Court's resolution of the parties' cross-motions for summary judgment.

Respectfully submitted this 5th day of September 2025,



Attorneys for the Plaintiffs
509 W. Colonial Drive
Orlando, Florida 32804
Tel./Fax: 321.332.6864
Pleadings: pleadings@kplegalteam.com
Email: jphillips@thefirearmfirm.com

By: *James D. Phillips*
**JAMES D. PHILLIPS, JR., ESQUIRE**
Florida Bar No.: 22846

Stephen D. Stamboulieh*
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
601-852-3440 (T)
stephen@sdslaw.us
Mississippi Bar No. 102784
*Admitted Pro Hac Vice*
Attorneys for Plaintiffs

*s/Andrew W. Jolly*
ANDREW W. JOLLY, ESQUIRE
Fla. Bar No. 1032793
PURDY, JOLLY, GIUFFREDA, BARANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:(954) 462-3200
e-mail: Andrew@purdylaw.com
             Cecilia@purdylaw.com
Attorney for *Defendant Sheriff and St. Lucie County Sheriff's Office*
Trial Counsel


**JACOBS SCHOLZ & WYLER, LLC**

*/s/ Arthur I. Jacobs*
Arthur I. Jacobs, Esq.
Fla. Bar No.: 108249
Richard J. Scholz, Esq.
Fla. Bar No.: 0021261
Douglas A. Wyler, Esq.
Fla. Bar No.: 119979
961687 Gateway Blvd., Suite 201-I
Fernandina Beach, Florida 32034
(904) 261-3693
(904) 261-7879 Fax
Primary: filings@jswflorida.com
Secondary: Buddy@jswflorida.com
                 Taran @jswflorida.com

5

**CERTIFICATE OF SERVICE**

I certify that on September 5, 2025, a copy of the foregoing document or pleading has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to: Arthur Ivan Jacobs, Esquire, Counsel for Defendants Bakkedahl and SAO, 961687 Gateway Boulevard, Suite 201-I, Fernandina Beach, FL 32034; buddy@jswflorida.com; Summer M. Barranco, Esquire, Andrew Jolly, Esq., and Richard A. Giuffreda, Esquire, Counsel for Defendants Sheriff Del Toro and St. Lucie County Sheriff's Office, 2455 E. Sunrise Blvd, Suite 1216, Fort Lauderdale, FL 33304; summer@purdylaw.com, andrew@purdylaw.com, richard@purdylaw.com.

By: *James D. Phillips*
**JAMES D. PHILLIPS, JR., ESQUIRE**
Florida Bar No.: 22846