IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,  CASE NO.: 25003340CF10A
    Petitioner,  JUDGE: FRANK LEDEE

vs.

JOEL WALKES,
    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DECLARE FLORIDA STATUTE §790.01 UNCONSITUTIONAL AS IT APPLIES TO THIS CASE

THIS MATTER having come before the Court on August 12, 2025 for consideration of Defendant's Motion to Declare Florida Statute §790.01 Unconstitutional As It Applies to This Case[1]. The Court, having read the Motion and the State's Response to Defendant's Motion to Declare Florida Statute §790.01 Unconstitutional As It Applies to A Person 18-20 Years of Age[2], considered the arguments of counsel, reviewed the applicable law and the statutory authorities presented, reviewed the Court file, and otherwise being fully advised in the premises, makes the following findings of fact and conclusions of law:

1. The Defendant was arrested on March 21, 2025 and charged by felony information[3] with one count of carrying a concealed firearm, a third degree felony in violation of Florida Statute §790.01(3), punishable by up to five years in prison.

2. The Defendant was the sole occupant of a disabled vehicle. Officers responding to assist the driver noticed a bulge in the Defendant's waistband. The Defendant admitted to concealing a loaded semi-automatic pistol which was impounded pursuant to his arrest for a violation of Florida Statute §790.01(3).

---

[1] Filing Number 225625744 E-Filed 06/19/2025 at 02:16:06 PM.
[2] Filing Number 226693553 E-Filed 07/07/2025 at 01:34:49 PM.
[3] Filing Number 221178690 E-Filed 04/16/2025 at 03:59:32 PM.

1

3. The Defendant was born on December 22, 2005 and is admittedly nineteen years of age.

4. The Defendant filed a Motion to Declare Florida Statute §790.01 Unconstitutional As It Applies to This Case on June 19, 2025 and moves to dismiss count one of the information pursuant to Fla. R. Crim. P. 3.190(b).

5. Florida Statute §790.01, as amended on July 1, 2023, allows concealed carry of a firearm without a permit for individuals who are twenty-one years of age or older and are otherwise legally eligible to possess a firearm under state and federal law.

6. Florida is a "shall issue" state. Florida Statute §790.06(2) provides that the Department of Agriculture and Consumer Services shall issue a license if the applicant:

> (a) Is a resident of the United States and a citizen of the United States or a permanent resident alien of the United States, as determined by the United States Bureau of Citizenship and Immigration Services, or is a consular security official of a foreign government that maintains diplomatic relations and treaties of commerce, friendship, and navigation with the United States and is certified as such by the foreign government and by the appropriate embassy in this country;
> (b) Is 21 years of age or older;
> (c) Does not suffer from a physical infirmity which prevents the safe handling of a weapon or firearm;
> (d) Is not ineligible to possess a firearm pursuant to s. 790.23 by virtue of having been convicted of a felony;…

7. The Defendant moves to dismiss the charge and to declare Florida's prohibition against concealed carry by persons under twenty-one years of age unconstitutional under the Second Amendment to the United States Constitution as applied to this case. This motion raises a question of great public importance:

> Is Florida's prohibition against concealed carry by persons under the age of twenty-one incompatible with the Second Amendment to the United States Constitution guarantee to bear arms?

8. The Second Amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a Free State, the right of the people to keep and bear Arms, shall not be infringed." U.S.C.A. Const. Amend. II.

9. The Defendant argues that the Second Amendment protects "the right of the people" and maintains that eighteen-to-twenty year olds are unambiguously part of "the people".

10. The Defendant further argues that Florida Statute §790.01(3) applies to all persons under the age of twenty-one, not just high-risk individuals, resulting in an overbroad deprivation of rights.

11. The Defendant highlights that eighteen-to-twenty year olds can vote, marry, serve in the armed forces, and be tried as adults, and argues that denying them the right to carry a concealed firearm strips legal adults of a core right guaranteed by the Second Amendment.

12. The Defendant relies on founding-era history to support his position, specifically the Militia Act of 1792 which required men as young as eighteen years of age to appear armed for militia service, showing that the Founding generation expected eighteen-year olds to own firearms and bear arms to defend this great nation in its infancy.

13. The State counters by highlighting that later historical practices show a tradition of restricting firearm sales to persons under the age of twenty-one and that Florida follows that pattern. *National Rifle Ass'n v. Bondi*, 133 F.4th 1108 (11th Cir. 2025).

14. The State argues that by the late 19th century, many states restricted the sale of firearms, especially handguns, to those under age twenty-one and that these laws form a historical tradition of treating eighteen-to-twenty year olds as a distinct class for limiting their access to firearms.

15. The State argues that the rights of eighteen-to-twenty years olds to possess firearms is not extinguished by Florida Statute §790.01(3), but reasonably regulated. The State highlights

3

that State law regulates sales of firearms and the right to carry, but not possession. Eighteen-to-twenty year olds may still legally acquire firearms through gifts or inheritance.

16. The distinction between owning, purchasing and carrying firearms, especially concealed, is crucial in Second Amendment law.

17. Florida Statute §790.065(13) prohibits anyone under the age of twenty-one from purchasing a firearm. The law creates an exceptions for the purchase of firearms by law enforcement officers, correctional officers and active duty military under the age of twenty-one. The law only restricts purchases. Eighteen-to-twenty year olds may still lawfully possess firearms if they acquire them through other lawful means such as a gift or inheritance.

18. Federal law prohibits licensed dealers from selling handguns to anyone under the age of twenty-one. 18 U.S.C. §922 (b)(1). Federal law allows the sale of long guns, rifles and shotguns by licensed dealers ("FFL's") to anyone eighteen years of age or older.

19. Federal law also prohibits the sale of handguns to anyone under the age of twenty-one, and Florida law prohibits the sale of any firearm to anyone under the age of twenty-one. Simply stated, eighteen-to-twenty year olds cannot purchase a firearm in Florida, but can legally possess one if acquired by a non-purchase, legal means.

20. Florida law requires a person to be at least twenty-one years of age to carry a concealed weapon or firearm, whether with or without a permit. Active-duty military and honorably discharged veterans under twenty-one may qualify.

21. On September 10, 2025, Florida Statute §790.053, Florida's law regulating the open carry of weapons, was held to violate the Second Amendment and therefore declared unconstitutional. *McDaniels v. State*, --- So.3d ----, 2025 WL 2608688 (Fla. 1st DCA 2025).

22. This framework of firearm regulations in Florida seems inconsistent in its application given that legal adults ages eighteen to twenty, who are prohibited from purchasing firearms in

4

Florida and carrying them concealed, may nonetheless lawfully possess firearms gifted to them or inherited by them, and may openly carry those firearms in public.

23. Distilling these inconsistencies into a framework of firearm regulations compatible with the guarantee to bear arms pursuant to the Second Amendment to the United States Constitution is best left to the wisdom of legislative debate.

24. The Defendant has challenged Florida Statute §790.01(3) solely under the Second Amendment to the Constitution of the United States. He raises no independent claim under article I, section 8 of the Florida Constitution. The United States Supreme Court has not directly addressed whether Florida's concealed carry ban as applied to eighteen-to-twenty years olds violates the Second Amendment.

25. The Supremacy Clause of the United States Constitution binds state judges to abide by the federal constitution regardless of state law to the contrary.

> This Constitution and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding. Art. VI.cl. 2, U.S. Const.

26. The framework by which firearm regulations must be judged is defined by the body of law set forth in the United States Supreme Court landmark decisions of *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *New York State Rifle & Pistol Association, Inc v. Bruen*, 597 U.S. 1 (2022).[4]

27. Second Amendment claims must be resolved by text, history, and tradition alone. *Bruen*, 597 U.S. at 19.

---

[4] *See McDaniels v. State*, 2025 WL 2608688.

28. Under *Bruen's* historical test, the government must prove that the challenged "regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* That requires the State to identify a "well-established and representative historical analogue" from either the Founding or Reconstruction era that is relevantly similar in both *how* and *why* it burdens the Second Amendment right. *Id.* at 29-30. While a historical law need not be a "historical twin," it must impose a "comparable burden" and be "comparably justified" to serve as a historical analog. *Id.* at 30.

29. Accordingly, this court applies *Bruen's* Text, History, and Tradition Test to determine whether Florida's prohibition against concealed carry by persons under the age of twenty-one is incompatible with the Second Amendment's guaranteed right to bear arms.

30. The United States Supreme Court decisions in *Heller* and *Bruen* confirm that the Second Amendment protects the right of law-abiding adults to carry firearms for self-defense, both in the home and in public.

31. *Heller* emphasized self-defense as the Second Amendment's "core lawful purpose."

32. Concealed carry is a historically recognized method of exercising that right.

33. The conduct, carrying a firearm for self-defense, is squarely within the scope of the Second Amendment.

34. Because the Second Amendment's plain text applies to the concealed carry of firearms, Florida's concealed carry ban, as applied to eighteen-to-twenty year olds, is unconstitutional unless the State can affirmatively prove that the prohibition is consistent this Nation's historical tradition of firearm regulation.

35. To meet its burden, the State must establish that Florida's concealed carry ban as applied to eighteen-to-twenty years olds "is 'relevantly similar' to laws that our tradition is understood to permit." *Rahimi*, 602 U.S. at 692 (citing *Bruen*, 597 U.S. at 29). That requires, at a

minimum, the State to demonstrate that modern and historical laws impose a "comparable burden" on the right of armed self-defense and that the burden is "comparably justified." *Bruen*, 597 U.S. at 29 (identifying the "how" and the "why" as the relevant metrics of comparison). Both considerations must be satisfied. *Rahimi*, 602 U.S. at 750. As the Court has cautioned, "[e]ven when a law regulates arms-bearing for a permissible reason," "it may not be compatible with the right if it does so to an extent beyond what was done at the founding." *See McDaniels v. State*, 2025 WL 2608688, *6, citing *Rahimi*, 602 U.S. 692.

36. The Court's inquiry is further constrained by two guiding considerations. First, because ours is an adversarial judicial system, courts do not resolve historical questions "in the abstract," but instead adhere to the principle of party presentation. *Bruen*, 597 U.S. at 25. Simply stated, the State bears the burden of identifying Founding-era law that broadly prohibited the concealed carry of firearms by eighteen-to-twenty year olds.

37. On this record, the State has failed to carry its burden. The State has failed to identify Founding-era law that broadly prohibited the concealed carry of firearms by eighteen-to-twenty year olds. The State also failed to cite to any historical regulation imposing a burden or justification comparable to Florida's concealed carry ban as applied to eighteen-to-twenty year olds. The inquiry focuses on the manner of carry by eighteen-to-twenty year olds. At most, the State has steered the argument towards laws regulating the purchase of firearms and highlighted other laws that specifically prohibit an adult aged eighteen-to-twenty from performing activities otherwise permitted because of a societal view of their maturity. These include Florida Statute §562.111, which prohibits eighteen-to-twenty year olds from purchasing, possessing or consuming alcohol; Florida Statute §316.193 which prohibits driving by eighteen-to-twenty year olds if they have consumed alcohol; Florida Statute §569.11 which prohibits eighteen-to-twenty year olds from purchasing tobacco products; and

Florida Statute §790.065 which prohibits eighteen-to-twenty year olds from purchasing firearms. (*See generally NRA v. Bondi*, 133 F.4th 1108 11th Cir. 2025).

38. In contrast, Florida's concealed carry ban as applied to eighteen-to-twenty year olds eliminates that option altogether and is inconsistent with our Nation's historical tradition of firearm regulation as guaranteed by the Second Amendment. Simply stated, Florida's concealed carry ban as applied to eighteen-to-twenty year olds effectively nullifies the age group's ability to exercise their constitutionally protected right to self-defense by concealed carry.

39. That right is not without limits. *Heller*, 554 U.S. at 626. The Supreme Court identified a non-exhaustive list of longstanding, historically grounded regulations, such as prohibitions on firearm possession by felons and the mentally ill or laws that forbid carrying of firearms in "sensitive places" as "presumptively lawful." *Id.* at 626-27.

40. The State maintains that when an individual reaches the age of reason, twenty-one, and the need to protect him and the public from his immaturity and impulsivity dissipates, the Florida law permits him to purchase firearms and carry them concealed. A well-reasoned premise that fails to meet constitutional scrutiny under *Bruen's* historical test as applied to the facts of this case.

41. Florida's prohibition on the concealed carry of firearms by eighteen-to-twenty year olds strips a class of legal adults of their ability to exercise the very right the Constitution guarantees. The State's rebuttal that such individuals may acquire firearms as a gift merits little weight. The right to keep and bear arms and the Second Amendment's core lawful purpose of self-defense cannot depend on parental largesse or inheritance.

42. The State has failed to identify a well-established historical analog justifying the categorical ban to carrying concealed by eighteen-to-twenty year olds. Florida Statute §790.01(3) cannot

stand under the precedents set forth in the United States Supreme Court landmark decisions of *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *New York State Rifle & Pistol Association, Inc v. Bruen*, 597 U.S. 1 (2022).

43. Concealed carry is an extension of the right to bear arms, and historical restrictions may not justify denying adults this ability for self-defense based solely on age.

44. Florida's overbroad restriction on the concealed carry of firearms by eighteen-to-twenty year old's violates the Second Amendment.

It is HEREBY ORDERED and ADJUDGED that:

The Defendant's Motion to Declare Florida Statute §790.01 Unconstitutional As It Applies to This Case is GRANTED and the charge of Carrying a Concealed Firearm is DISMISSED.

ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 24 day of October, 2025.

HONORABLE FRANK LEDEE
Circuit Court Judge

**TRUE COPY**

cc.

Ryan RIZZO, Esquire, Assistant State Attorney at courtdocs@sao17.State.fl.us.
Thomas Dale COTTONE, Esquire, attorney for the Defendant, Assistant Public Defender at tcottone@browarddefender.org.